# DELMAR JOCKEY CLUB v. MISSOURI.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 219.   Argued April 29, 30, 1908.—Decided June 1, 1908.

Even if the state court erred in a proceeding over which it has exclusive jurisdiction such error would not afford a basis for reviewing its judgment in this court.

The mere assertion by plaintiff in error that the judgment of the state court deprived him of his property by unequal enforcement of the law in violation of Federal immunities specially set up does not create a Federal question where there is no ground for such a contention, and the state court followed its conception of the rules of pleading as expounded in its previous decisions.

Where the asserted Federal questions are so plainly devoid of merit as not to constitute a basis for the writ of error the writ will be dismissed.

Whether a Missouri corporation has forfeited its charter by nonuser and misuser under the law of the State does not involve a Federal question, and a proceeding regularly brought by the Attorney General in the

nature of *quo warranto* constitutes due process of law. *New Orleans Waterworks* v. *Louisiana,* 185 U. S. 336.
Writ of error to review, 200 Missouri, 34, dismissed.

THE plaintiff in error was organized as a corporation under the laws of the State of Missouri on January 18, 1901, for the following purposes stated in its articles of association:

"The purposes for which this corporation is formed are to encourage and promote agriculture and the improvement of stock, particularly running, trotting and pacing horses, by giving exhibitions of agricultural products and exhibitions of contests of speed and races between horses, for premiums, purses and other awards and otherwise; to establish and maintain suitable fair grounds and a race track in the city and county of St. Louis, with necessary buildings, erections and improvements, and to give or conduct on said grounds and race track public exhibitions of agricultural products and stock and of speed or races between horses, for premiums, purses or other awards, made up from fees or otherwise, and to charge the public for admission thereto and to said grounds and track; to engage in poolselling, bookmaking and registering bets on exhibition of speed or races at the said race track and premises, as provided by law, and to let the right to others to do the same; to conduct restaurants, cafes, and other stands for the sale of food and other refreshments to persons on said premises; and to do and perform all other acts necessary for fully accomplishing the purposes hereinbefore specifically enumerated."

In 1905 the attorney general of Missouri, *ex officio,* filed in the Supreme Court of the State of Missouri an information, in the nature of *quo warranto,* seeking to annul the charter of the company and forfeit all of its franchises and property, for the following alleged acts of abuse and nonuse of its corporate powers and franchises: First, engaging in bookmaking, poolselling and the registration of bets upon horse races from the date of its incorporation up to June 16, 1905; second, during the same period selling pools and accepting and registering

bets from minors upon the result of horse races run on the
track of the corporation; third, engaging in bookmaking, pool-
selling and the registration of bets upon horse races after
June 16, 1905, in violation of an act of the legislature of Mis-
souri approved March 21, 1905; and fourth, failure to give any
exhibition of agricultural products or to give any exhibition
of speed in races between horses for the purpose of improving
the stock of trotting and pacing horses, or to establish or main-
tain any fair grounds in the city or county of St. Louis, or any
other place.

The corporation demurred to the information upon nine
grounds. In the first it was recited that as the information
did not charge that the defendant was not licensed to engage
in the business of bookmaking, etc., alleged to have been
carried on prior to June 16, 1905, no violation of law was
stated. The remaining grounds set forth reasons why it was
asserted that the information in the second and third grounds,
heretofore stated, did not charge violations of law or state
facts upon which a judgment of ouster for such alleged acts
could lawfully be based. After hearing argument the Supreme
Court of Missouri sustained the first ground of demurrer and
overruled all the others, and granted defendant fifteen days in
which to answer the remaining allegations contained in the
information, viz., the second, third and fourth grounds of al-
leged misuse and nonuse of the corporate franchises hereto-
fore referred to. 200 Missouri, 34. Subsequently an answer
was filed, of which (omitting title) a copy is in the margin.[1]

---

[1] Respondent, Delmar Jockey Club, comes by its attorneys and for its
answer to the information of the Attorney General herein, admits that it is
a corporation duly organized and incorporated under the laws of the State
of Missouri, and denies each and every other allegation in said information
alleged or contained.

Wherefore, respondent prays that it be hence discharged with its costs.

II. For its further answer to that portion of the information of the At-
torney General herein, wherein it is alleged that respondent has failed to
exercise certain franchises claimed to be possessed by it, this respondent
states that it has fully carried out and exercised all those provisions in its

Thereupon a motion for a final judgment of ouster, etc., on the pleadings was filed, for the following reasons:

"First. That said return and answer fails to state facts showing any sufficient cause or excuse for, or any legal defense to, the nonuser of respondent's franchises authorizing it to give exhibitions of agricultural products and exhibition of contests of speed or races between horses for the purpose of encouraging and promoting agriculture and the improvement of stock, and for the establishing and maintaining of suitable fair grounds in the city and county of St. Louis, as set forth and charged in the information herein.

"Second. It appears from the facts stated in said return and answer, and the second count thereof, that respondent is guilty of the acts of misuser and abuser of its franchises charged in the information herein filed, in this, to wit, that respondent engaged in the business of bookmaking and poolselling, registration of bets, and the acceptance of bets in violation of the laws of this State:

"Wherefore, informant prays that final judgment of ouster be rendered against the respondent as prayed for in the information in the case."

A motion to strike from the files having been overruled, the motion was heard and granted, and judgment of ouster was entered, a fine of five thousand dollars was imposed upon the corporation because of nonuse, misuse, and violation of its franchises, and provision was made for the winding up of the affairs of the corporation. A motion for a rehearing was

charter authorizing it to give exhibitions of agricultural products and exhibitions of contests of speed and races between horses for the purpose of encouraging and promoting agriculture and the improvement of stock, and has provided suitable fair grounds for the same, in this that between the eighteenth day of January, 1901, and the sixteenth day of June, 1905, in pursuance of the provisions and requirements of §§ 7419 to 7424, inclusive, Revised Statutes of Missouri, 1899, respondent duly paid large sums of money into the treasury of the State of Missouri, which were placed by the treasurer of the State of Missouri to the credit of the State fair fund, the same being a fund created by § 7424, Revised Statutes of Missouri, 1899,

made, in which the protection of various clauses of the Constitution of the United States was invoked, the following only being material to the controversy arising on this record:

"Third. Respondent is charged with nonuse of its corporate franchise as to the right to hold fairs. The general denial of respondent applies to this charge, and there has been no trial as to that fact. Yet the judgment adjudges the respondent guilty without a hearing, thereby also violating the Fourteenth Amendment to the Constitution of the United States.

"But without this, the plea of estoppel interposed by the respondent to the charge of nonuse does not deprive respondent of the benefit of its general denial of that charge. Even at common law, and certainly since the statute of Anne, a plea of estoppel may be united with a general denial in a *quo warranto* proceeding.

"Fifth. The judgment of ouster ought not to be entered in this case in the present state of the pleadings, for the reason that even though the power conferred by the charter of the respondent to engage in bookmaking and poolselling be regarded as taken away by the repeal of the breeder's law, and even though respondent has lost its charter privileges to con-

---

for the development and advancement of the industrial interests of this State under the direction of the state board of agriculture, and that all of said money so paid into said fund was received, used and appropriated by the State of Missouri for the purpose of holding and giving annual exhibitions of agricultural products and stock of every kind and description at the city of Sedalia, State of Missouri, and that the said sums of money paid by respondent into the treasury of the State of Missouri under the terms of §§ 7419 to 7424, inclusive, were used and appropriated by the said State of Missouri and its said state board of agriculture solely for the maintenance and support of said Missouri State fair held annually at Sedalia, Missouri, and for the further purpose of providing, constructing, improving and equipping all grounds, stands and buildings necessary for the holding and giving of said fair.

Respondent further states that by exacting and receiving the said sums of money for the above-mentioned purposes the said State of Missouri intended to and did accept the same as full and complete performance and use by respondent of its franchise to give exhibitions of agricultural products

duct fairs by failure to exercise those privileges, nevertheless respondent has other privileges conferred by its charter which are not contrary to any law of this State or to the policy of the State, and which have not been lost by nonuser, among which privileges is the right to conduct horse races for prizes or purses or at pleasure, and which the judgment of this court deprives respondent of without respondent having in any manner lost the right so to do, and in this respect also the judgment deprives the respondent of its property without due process of law, contrary to the guarantees of the Fourteenth Amendment to the Constitution of the United States, which respondent here invokes."

The motion for a rehearing was granted, and upon a reconsideration of the cause the motion for judgment on the pleadings was again sustained upon the ground of nonuser of the corporation franchises, and judgment was entered ousting the corporation of all of its franchises and charter rights, and adjudging that the same be forfeited to the State and the corporation dissolved. 200 Missouri, 34. A motion for a rehearing having been filed and overruled, the cause was brought here by writ of error.

---

and stock, and the said State of Missouri thereby intended to and did waive any other or further exercise of such franchise on the part of respondent.

Further answering the allegations of non-user from June 16, 1905, to the date of the filing of this information, to wit, July 28, 1905, respondent states that the franchise of giving exhibitions of agricultural products and stock is not one which can be exercised continuously and at all times from the beginning to the end of the year, but is one, owing to its peculiar character, which can only be exercised during the harvest season of each year. For these reasons respondent was not required to exercise such franchise between the above specified dates, but respondent further avers that it has in good faith endeavored at all times to exercise the franchises granted to it by its articles of incorporation in the manner and for the purposes intended by such grants, and that such is its purpose in the future, and respondent intends in every way to comply with and perform according to law all the obligations which it assumed upon the grant of the aforesaid franchises to it by the State of Missouri, and respondent again specifically denies each and every charge, allegation or assertion of a contrary purpose on its part, contained in the information filed herein.

Wherefore, respondent prays that it be hence discharged with its costs.

*Mr. Thomas Bond,* with whom *Mr. Henry W. Bond* was on the brief, for plaintiff in error:

Where a Federal question appears in the record and was decided, or where a decision of such a question was necessarily involved in the case, it is not necessary that the particular section of the Federal Constitution violated be specifically pointed out in the state court, in order to confer jurisdiction upon this court. *Murray* v. *Charleston,* 96 U. S. 432; *Columbia Water & Power Co.* v. *Columbia Electric Co.,* 172 U. S. 475, 488; *Bridge Proprietors* v. *Hoboken L. & I. Co.,* 1 Wall. 116; *Furman* v. *Nichol,* 8 Wall. 44; *Spencer* v. *Merchant,* 125 U. S. 345; *F. G. Oxley Stave Co.* v. *Butler County,* 166 U. S. 648, 657.

Where jurisdiction is predicated upon the third class of controversies mentioned in § 709, Rev. Stat., it is not necessary that the Federal right, title, privilege or immunity claimed to be denied by the state court be raised in the state court by pointing out the particular section of the Constitution claimed to be violated, or that it be set up by any particular form of words, but the requirement of the statute is complied with if the record shows that the attention of the state court was called to the right, title, privilege or immunity claimed. *Green Bay Canal Co.* v. *Patten Paper Co.,* 172 U. S. 58, 68; *Dewey* v. *Des Moines,* 173 U. S. 193, 199; *San Jose Land & Water Co.* v. *Ranch Co.,* 189 U. S. 175; 180; *Williams* v. *Bruffy,* 96 U. S. 176; *Harris* v. *Dennie,* 3 Pet. 292; *Eureka Canal Co.* v. *Yuba Co.,* 116 U. S. 410.

The Federal rights, titles, privileges and immunities claimed by plaintiff in error herein and denied by the judgment of the Supreme Court of Missouri ousting it of all of its franchises for alleged nonuse, were specially and specifically set up, claimed, and called to the attention of the state court on the motion for rehearing, and it was on the points raised on such motion that this cause was last submitted and was finally considered and decided by the court.

Federal questions raised in a motion for rehearing are not raised too late if the state court sustains said motion, or con-

siders the Federal questions therein presented. *Mallett* v. *North Carolina,* 181 U. S. 589, 592; *Mutual Life Ins. Co.* v. *McGrew,* 188 U. S. 291, 308.

The constitutional rights, privileges and immunities set up by plaintiff in error in its motion for a rehearing filed after the entry of the first judgment of ouster were necessarily denied by the Supreme Court of Missouri in its final judgment ousting plaintiff in error of its corporate existence because of an alleged nonuser of certain of its corporate franchises. *Detroit &c. Ry. Co.* v. *Osborn,* 189 U. S. 383; *Kaukauna W. P. Co.* v. *Green Bay & Miss. Canal Co.,* 142 U. S. 254.

*Mr. John Kennish,* with whom *Mr. Herbert S. Hadley,* Attorney General of the State of Missouri, was on the brief, for defendant in error:

Questions relating to matters of pleading and practice under the laws of the State involve no Federal question. Taylor on Juris. & Proc. of the U. S. Supreme Court, p. 393; *Vista County* v. *Iowa Falls & S. C. R. Co.,* 112 U. S. 177; *Iowa C. R. Co.* v. *Iowa,* 160 U. S. 394; *Nat. F'dry Co.* v. *Oconto Water Supply Co.,* 183 U. S. 216.

The Supreme Court cannot review the decision of the state court resting upon the defense of estoppel. Taylor, *supra,* 404; *Michigan* v. *Flint & Pere Marquette R. R. Co.,* 152 U. S. 363; *Sherman* v. *Grinell,* 144 U. S. 198; *Israel* v. *Arthur,* 152 U. S. 355; *Weyerhaueser* v. *Minn.,* 176 U. S. 550.

In the first motion for a rehearing but two of the grounds thereof sought to raise a Federal question as to the charge of nonuser of franchises. In the first ground it was claimed that the judgment of the court was cruel and unusual punishment and violative of the Eighth Amendment to the Constitution of the United States; and in the third ground of said motion it was claimed that the judgment adjudges the respondent guilty without a hearing, thereby also violating the Fourteenth Amendment.

The first ten Amendments to the Federal Constitution con-

tained no restrictions of the powers of the State, but were intended to operate solely on the Federal Government. *Brown* v. *New Jersey*, 175 U. S. 172; *Barron* v. *Baltimore*, 7 Pet. 243; *Fox* v. *Ohio*, 5 How. 410; *Twitchell* v. *Commonwealth*, 7 Wall, 321; *United States* v. *Cruikshank*, 92 U. S. 542, 552; *Spies* v. *Illinois*, 123 U. S. 131; *Davis* v. *Texas*, 139 U. S. 651.

Parties having been fully heard in the regular course of judicial proceedings, an erroneous decision of the state court does not deprive the unsuccessful party of his property without due process of law. *Taylor, supra*, 412; *Central Land Co.* v. *Laidley*, 150 U. S. 112; *Walker* v. *Sauvinet*, 92 U. S. 90; *Head* v. *Amoskeag Co.*, 113 U. S. 9; *Morley* v. *Lake Shore R. R.*, 146 U. S. 162; *Bergman* v. *Becker*, 157 U. S. 655.

When a constitutional right is asserted in a state court without stating whether such right is claimed under the state or Federal Constitution, and which could have been claimed under either, the presumption is that the right was asserted under the state constitution. *Porter* v. *Foeley*, 24 How. 420; *Jacobi* v. *Alabama*, 187 U. S. 133; *Miller* v. *Cornwall R. R. Co.*, 168 U. S. 131; *Kansas Association* v. *Kansas*, 120 U. S. 103; *Kipley* v. *Illinois*, 170 U. S. 182; *New York Central R. R. Co.* v. *New York*, 186 U. S. 269.

A Federal question is raised too late when suggested for the first time in the petition for rehearing after judgment in the highest court of the State where such petition is denied without opinion. *Taylor, supra*, 448; *Bushnell* v. *Crooke Mining & Smelting Co.*, 148 U. S. 273; *Turner* v. *Richardson*, 180 U. S. 87; *Scudder* v. *Coler*, 175 U. S. 33.

Mr. Justice White, after making the foregoing statement, delivered the opinion of the court.

Soon after the filing of the record in this court the Attorney General of Missouri submitted a motion to dismiss the writ of error or to affirm, and the determination of the motion was postponed until the hearing on the merits. The cause having been

argued, the motion to dismiss or affirm must now be disposed of.

We are of opinion that the record does not present any Federal question and that the motion to dismiss must be granted.

The Supreme Court of Missouri, in the opinion delivered by it on the rehearing, considered three propositions: First, the effect of the general denial contained in the first paragraph and the plea embodied in the second numbered paragraph of the answer; second, upon what grounds a forfeiture of a corporate franchise might be declared; and, third, whether or not, in addition to ousting the corporation from its franchises, the court could and should "appropriate a part of its substance to the use and benefit of the State." These propositions were determined after an elaborate consideration of the subject and a review of many authorities. It was decided that the plea following the general denial in the answer amounted to a plea of confession and avoidance; that in consequence the general denial first pleaded raised no issue, and hence "the motion for judgment upon the ground of nonuser should be sustained." It was next determined, after declaring that it was the duty of the court to act with great caution in decreeing a forfeiture, that forfeiture of the corporate franchises might be declared "where there is either willful misuse or willful nonuse of the franchise and franchises, which are of the essence of the contract with the State, and those in which the State or public is most interested, then a forfeiture of the whole charter should be and will be declared. When a corporation receives from the State a charter granting certain franchises or rights, there is at least an implied or tacit agreement that it will use the franchises thus granted; that it will use no others, and that it will not misuse those granted. A failure in any substantial particular entitled the State to come in and claim her own, the rights theretofore granted, and this through a judgment of forfeiture in a proceeding like the one at bar." On this branch of the case the court concluded as follows:

"The right to construct and maintain suitable fair grounds in the city and county of St. Louis, and to give exhibitions of agricultural products thereat, is one of the essence of this contract between the State and the respondent. It was and is the franchises in the exercise of which the State and general public have the most interest and concern. A failure to exercise this franchise was a failure to perform the very thing which was of the essence of the contract. That this failure was willful is shown by the length of time of the admitted nonuser as well as by other things made apparent by the pleadings. So far as the State and general public are concerned this right or franchise, so long neglected, was leading and uppermost in interest. No legal excuse is offered for respondent's failure. It would appear, at least by inferences deducible from the pleadings, that respondent was alert in promoting that incidental feature of its charter, gambling upon horse races, and furnishing its gamblers with refreshments, both liquid and solid, but extremely indifferent as to doing the things, moral in character, which it had, by receiving its charter, tacitly agreed to do, and the only things in which the State and the public had any special interest.

"Such a flagrant and willful nonuser of franchises, which are of the very essence of the grant, demand, in our judgment, the forfeiture of all the rights and franchises granted, and we therefore hold that there shall be a judgment decreeing a forfeiture of all the rights and franchises granted to respondent by its charter and a dissolution of said corporation."

As to the third proposition, the court was of opinion that no further fine or punishment than that of ouster should be inflicted.

In substance the contention of plaintiff in error is that the plea, contained in the second paragraph of the answer, merely presented a question of estoppel, which did not waive the prior general denial, and that the judgment of the Supreme Court of Missouri destroyed, "without a trial or a hearing and by an unequal and unjust enforcement of the law, vested property.

rights both of plaintiff in error and its stockholders, in the face of Federal immunities, which the record shows to have been specially set up and claimed." In effect this is but asserting that the judgment of the Supreme Court of Missouri was so plainly arbitrary and contrary to law as to be an act of mere spoliation. But we fail to perceive the slightest semblance of ground for such a contention. In determining the scope and effect of the allegations of the answer and in reaching the conclusion that the charges of nonuser contained in the information stood as confessed under the pleadings, the Supreme Court of Missouri followed its conception of the rules of pleading, as expounded in many of the previous decisions of that court, and the question of the extent of the power to take from the corporation its charter grant of franchises was determined as a question of general law. The determination of those matters did not involve a Federal question. *San Francisco* v. *Itsell*, 133 U. S. 65. Manifestly, the proceeding constituted due process. *Caldwell* v. *Texas*, 137 U. S. 692; *New Orleans Waterworks* v. *Louisiana* (where the subject of the power of a State to forfeit corporate franchises is considered), 185 U. S. 336, 344. And if the fact was, which we do not intimate is the case, that the court below erred in the conclusions reached by it in respect to the propositions which it determined, the error would not afford a basis for reviewing its judgments in this court. *Central Land Co.* v. *Laidley*, 159 U. S. 103, 112, and cases cited; *Ballard* v. *Hunter*, 204 U. S. 241, 259; *Patterson* v. *Colorado*, 205 U. S. 460.

The asserted Federal questions were so plainly devoid of merit as not to constitute a basis for the writ of error (*Wilson* v. *North Carolina*, 169 U. S. 586, 595), and the writ of error is, therefore,

*Dismissed.*