## PETERSON v. DEMMER et al.

### No. 323.

District Court, N. D. Texas, Dallas Division.
Sept. 21, 1940.

W. C. Graves and J. L. McNees, both of Dallas, Tex., for the motion.

Kennemer & Armstrong, of Dallas, Tex., opposed.

ATWELL, District Judge.

Peterson, a resident of Texas, brought a suit in the County Court of Dallas County, against John Demmer and twelve other mentioned defendants, and "against all other unknown heirs" of Katie Peterson, deceased. He alleged that Demmer lived in North Dakota; that the residences of the other mentioned known heirs, "are out of the state of Texas, and are unknown to plaintiff." He made no further allegation as to unknown heirs.

He alleged that Katie Peterson died intestate, on the first day of July, 1940, in Dallas County, Texas, owning certain real property and $62,000 in cash; that there has been no administration on the estate; that he is the owner of an interest in such estate, in that he is the surviving husband of the deceased; that there are no children, and that he "verily believes that all of the property is community property of himself and the deceased;" that the real property is in the name of the deceased, but was purchased with funds accumulated during coverture "of your plaintiff and the deceased;" that all of the personal property was likewise so accumulated. That he is the sole heir of the community.

Alternatively he says that "if the court should find that a part of the estate is the separate property of the deceased, then, that he is entitled to a portion of the estate, according to the laws of descent and distribution, as the surviving husband of the deceased. That the exact kin of the defendants to the deceased is not within his knowledge, and that the court find such relationship and their interest in the estate. That a declaration and judgment be entered determining the interest and shares of each in such estate."

The cause was seasonably removed.

In the heart of the state Probate statutes is the short chapter which gives the court the right to declare heirship. Art. 3590, Vernon's 1936 Texas Statutes. That statute provides that "when a person dies, intestate, owning or entitled to real or personal property in Texas, and there shall have been *no administration* in this State upon his estate, * * * then the county court of the county in which any of the real property belonging to such estate is situated, * * * may determine and declare in the manner hereinafter provided in this chapter, who are the heirs and the only heirs of such decedent, and their respective shares and interests, under the laws of this State, in the estate of such decedent, and actions therefor shall be known as actions to declare heirship."

Such an action may be instituted by any person claiming to be the owner of the whole, or, part of such estate. Its different requisites are set forth in the succeeding Article 3591. This Article provides that the unknown heirs of such decedent, as well as other persons shown to have any interest in the property shall be made parties. And that if a will *shall be probated, or an administration* shall be instituted thereafter, the cause shall be transferred to the County court of the county in which such *administration* shall have been granted, and a certified transcript of all docket entries and orders shall be made, and the clerk to which the cause is transferred, shall file such transcript and record the same in the minutes of the court and shall thereafter proceed as though it were originally filed in that court.

Upon hearing issues shall be framed and proof confined thereto and all evidence reduced to writing and subscribed and sworn to by the witnesses and recorded in the minutes. The judgment shall declare the names and places of residence of heirs of decedent and their respective shares and interest, and shall state in what respects, if any, the evidence presented failed to develop such issues, or any of them. Such a judgment shall be conclusive as to any and all persons and prima facie evidence that the heirs of such decedent and their respective interest in the property described in the judgment are as therein stated.

Appeal may be taken in like manner and under the same condition as is, "or may be provided by law in other cases arising under the probate laws of this State." Article 3595. Such laws provide that an appeal from the Probate court goes to the state district court.

The plaintiff contends that in spite of the fact that the statute speaks of an es-

tate upon which there has been *"no administration,"* that the proceedings which he has instituted and which are contemplated by the statute are in reality, administrations under probate power. That he is asking for a determination of heirship.

It must be confessed that the state court, when the suit was filed, drew unto itself, for appropriate disposition, the property involved. The res was then in the quasi possession of that court. It had the power to determine to whom it belonged, and then to distribute it. By removal that possession is now in this court.

The limited jurisdiction of the national court depends either upon the existence of a national question, or the diverse citizenship of the parties. Where such elements are wanting, it may not proceed. Such courts have no original jurisdiction in respect to the administration of a decedent's estate. Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867; paragraph 17, 54 C.J., p. 218; In re Foley, C.C., 80 F. 949, 952.

In the last case it was stated that: "The question, and the sole question, to be determined upon the amended petition, arises under the provisions of the statute of this state, as to whether the property of the deceased is separate or community property. The state court has exclusive jurisdiction to determine that question." It should be added that in the Foley case, the administrator of the state court had possession of the property, but with the highly salutory concession that is now indulged by both state and national courts, a quasi, or a potential possession of either court will not be disturbed by the other.

This cause is for the specific purpose of answering the question of heirship.

The cases of Oxley v. Sweetland, 4 Cir., 94 F.2d 33; McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762; Waterman v. Canal-Louisiana Bank & T. Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; and Cottingham v. Hall, 4 Cir., 55 F.2d 664, seem to view such contests when diversity is present, as justiciable in the national court.

The case of Waterman v. Canal-Louisiana Bank & Trust Co., supra, speaks of the uniformly maintained right of national courts of chancery to exercise original jurisdiction, diversity of citizenship existing, in favor of creditors, legatees, and heirs, to establish their claims and have a proper execution of the trust as to them. State statutes which attempt to give state probate courts exclusive jurisdiction over all matters concerning the settlement of accounts of executors and administrators in the distribution of estates, however, is affirmed. The two fields are not always easily discernible, but an unfailing mark is that the national court does not engage in probate nor administration.

Under the Constitution of Texas, there is authority for, and the legislature has passed Article 3290, Revised Statutes, Vernon's 1936, which provides: "The county court shall have general jurisdiction of a probate court. It shall probate wills, grant letters testamentary or of administration, settle the accounts of executors and administrators, and transact all business appertaining to the estates of deceased persons, including the settlement, partition and distribution of such estates."

The next Article gives the state district court, appellate jurisdiction and general control in probate matters over the county court, for the probating of wills, granting letters testamentary, or, of administration, settling the accounts of executors, administrators, and for the transaction of business appertaining to estates, and original jurisdiction and general control over executors and administrators under such regulations as may be prescribed by law.

When, in 1907, c. 125, p. 230, chapter 23, title 54, relating to declaration of heirship, heretofore mentioned, was passed, it was for the evident purpose of treating a class of estates that were not treated nor subject to treatment because being estates of intestate decedents without indebtedness.

That chapter is followed by chapter 24 in Article 3598, in which there is a provision for partition and distribution, and which deals with estates that are being administered.

The estate in question, up to the present time, at least, is wholly free of the supervision of any court. No will, no administration and no debts. All that the heirs of the deceased need to do to be possessed of the property, is to enter into possession. From the pleading it would seem that there is a disagreement, or a contest, between certain persons as to whether they are heirs.

■ The probate of a will is technically and purely a proceeding in rem. The word really means "proof." Now, it is a general term used to include all matters of which probate courts have jurisdiction. The administration of an estate is the supervision by an executor, or administrator. The word is generally applicable to the acts and authority of both.

■ Most of the general texts include division of the assets among the heirs as an act of administration. This, like many other general statements, results in confusion. Distribution may take place in administration—distribution may take place outside of and independent of administration. Distribution is not a necessary child of administration. Its parenthood may be elsewhere.

■ Generally, it is stated that property must have a living owner, and when the owner dies, his title ceases. As to personalty, the title remains undefined and in abeyance until a personal representative is appointed and qualifies. When that is done, the title vests eo instanti in such personal representative, not by virtue of conveyance, but by reason of the appointment.

■ ■ Each of our states regulates the settlement of estates in its own jurisdiction. The national courts, as already observed, have no jurisdiction to affirm or set aside the probate of a will, or to disturb or interfere with the due administration of an estate under state probate direction. But, there is an equitable jurisdiction in the national court incidental to the enforcement of trusts, the construction of wills, and other matters as indicated in cases heretofore cited. Questions relating to the interests of heirs, which may be determined without interferring with probate, or assuming general administration, are within their jurisdiction where diversity and the requisite amount are present. 25 C.J. § 12, p. 695. Such actions are inter partes.

■ The federal equity jurisdiction is concurrent with the probate jurisdiction of the several states. This jurisdiction cannot be defeated, nor impaired by state statutes providing exclusive methods of settling estates, or undertaking to give exclusive jurisdiction to the state courts, because state statutes can in no way affect the equity jurisdiction of the federal courts, but in the exercise of this jurisdiction the federal court will be governed and controlled by the statutory rules and regulations of the state. 21 C.J. § 98, p. 121.

■ This suit seems to be to establish a right as against those sued. Only the questions of community property, of the husband taking from the wife, and the determination of who are heirs, are involved here.

The motion to remand must be overruled.

NOTE.—Since the above action was taken, administration proceedings were instituted and the cause has been remanded to the county probate court.