DEMMER et al. v. STROUDE et al.

District Court, N. D. Texas, Dallas Division.
Sept. 19, 1941.

Kennemer & Armstrong, of Dallas, Tex., for plaintiffs.

John J. Fagan and J. L. McNees, both of Dallas, Tex., for defendants.

ATWELL, District Judge.

Demmer, and twelve others, nonresidents, allege that they are all of the heirs of Katie Peterson, deceased. That at the time of her

death, defendant Stroude owed her a promissory note in the sum of $8,500. That Peterson, who claimed to be her common law husband, succeeded in securing possession of that note and turned it over to Stroude for $4,000 cash, and that the note has been destroyed. That it was secured by a deed of trust upon certain property, which deed of trust has been released, and the property is about to be sold to another person.

It is also alleged that plaintiffs have asked the temporary administrator of the estate of Katie Peterson to bring this suit but that he has refused to do so. Defendants move to dismiss.

During the hearing, proof was offered which tends to show that the temporary administrator merely asked the plaintiffs to show him sufficient facts to justify the bringing of a suit. This they did not see fit to do. They rested upon their statement that they were correct and that the suit should be brought.

The plaintiffs also claim that the temporary administrator has no authority to bring a suit.

The facts are, that there are two judgments of the Probate Court with reference to the probate of a will, and to the appointment of an administrator, in the matter of the Peterson estate, which are at present on appeal to the state district court. Pending the determination of those appeals, the statute authorizes the appointment of a temporary administrator. See Peterson v. Demmer et al., D.C., 34 F. Supp. 697. He has such powers as the court gives. . .

It must be conceded that when an estate is in process of probation, the authority to sue for its assets rests in the administrator or executor. Adams v. Bankers' Life Co., Tex.Com.App., 36 S.W. 2d 182; Youngs v. Youngs, Tex.Com.App., 26 S.W.2d 191; Cole v. Franklin Life Ins. Co., 5 Cir., 93 F.2d 620; Booth v. Merchants Nat. Bank, 5 Cir., 100 F.2d 478.

The exception which permits heirs to become plaintiffs during the time the estate is in the probate court, is based upon the refusal of the officer of that court to proceed.

Texas has a statute which gives the heirs the right to go to that court and seek an order requiring the administrator to proceed.

This court could render a judgment for the plaintiffs, if, upon hearing, that seemed appropriate, and then provide in the judgment that payment should be made to the administrator, for proper distribution.

Under the present situation, however, it seems the appropriate order is to dismiss this suit without prejudice, which is, accordingly, done.