## McKENZIE v. BLIDBERG ROTHCHILD CO., Inc.

United States District Court
S. D. New York.
April 28, 1952.

Lester Taylor, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

This is a motion to require the plaintiff to separately state the causes of action alleged in his amended complaint, or, in the alternative, to dismiss that complaint. The alternative motion was denied from the bench so that we are concerned here only with the first motion.

The plaintiff, a British seaman, seeks to recover under the Jones Act, 46 U.S.C.A. § 688, for injuries sustained on board the Greek flag vessel, S. S. Diamantis, allegedly received on or about August 2nd, 1947. In the original complaint the plaintiff alleged that the defendant owned, managed, operated and controlled the vessel; that the defendant acted under a General Agency Agreement with the owner of the said vessel, and that the plaintiff was in the employ of the defendant in the capacity of a seaman at the time of the accident. The defendant answered denying among other things those allegations. On March 12th, 1952, more than three years after the accident is alleged to have occurred, the plaintiff filed an amended complaint in which he re-alleged that the defendant was the owner of the vessel in question, re-alleged

the existence of the General Agency Agreement, and then alleged that at the time the contract of employment was made between the plaintiff and the defendant, the defendant failed to disclose to the plaintiff that it was acting as agent for any other person, nor did it disclose the identity of its principal, if any, and that in hiring the plaintiff the defendant acted as the ostensible principal and was believed and understood to be such by the plaintiff.

The defendant's attorney contends in his moving affidavit that by virtue of this allegation the plaintiff has attempted to state a new cause of action, presumably sounding in fraud, and therefore the plaintiff ought to be required to separately state it pursuant to Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A., so that the defendant will be enabled either to move to dismiss the new cause of action on the ground that the statute of limitations with respect thereto has expired, or for failure to state a claim on which relief can be granted. The plaintiff's attorney answers that no attempt has been made to state a new cause of action. He states that what he has done is to give notice to the defendant of the manner in which the employer-employee relationship alleged in the original complaint will be established at the trial.

Implicit in the plaintiff's contention is the assertion of the principle that one who employs a seaman for an undisclosed agent becomes the employer of that seaman just as if he had been the owner or the employer in fact. In support of his position the plaintiff relies on Kyriakos v. Goulandris, 2 Cir., 1945, 151 F.2d 132. Although the court, in that case, was not concerned with the precise issue presented here, it did hold that one who employs a seaman for a vessel controlled by an undisclosed principal is liable to the seaman for injuries received in the course of his employment. The plaintiff's position is further aided by the American Law Institute's Restatement of Agency, § 322, which states the settled rule:

"An agent purporting to act upon his own account, but in fact making a contract on account of an undisclosed principal, is a party to the contract."

If then the agent was a party to the contract it must have been as employer.

Putting the technical rules of agency to one side, it would seem that the defendant's motion should be denied. I believe the plaintiff might prove the undisclosed principal relationship without the amendment to the complaint. The purpose of Rule 8 of the Federal Rules of Civil Procedure is merely to notify the defendant of the facts on which plaintiff relies for recovery. Iocono v. Anastasio, D.C.S.D.N.Y. 1948, 79 F.Supp. 378. The defendant has been informed of the nature of the suit. He has been told that the plaintiff is claiming that the defendant was his employer. All the amendment does is to specify the way the employment relationship will be proved.

Motion denied.