**PETRIKIN v. CHICAGO, R. I. & P. R. CO.**

**No. 482.**

United States District Court
W. D. Missouri, Central Division.

Sept. 5, 1953.

Charles H. Howard, Jefferson City, Mo., for plaintiff.

Lester G. Seacat, Jefferson City, Mo., Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action for damages resulting from an alleged collision between a truck owned by the plaintiff and a Diesel locomotive operated by the defendant on its lines between St. Louis and Kansas City. The collision occurred near Owensville, Missouri, and was a crossing accident or collision. The averments of negligence are:

"* * * that said train was negligently and carelessly, with great force and violence, driven, operated, run upon, into and against said property of plaintiff at said crossing."

Deeming this a vague and an ambiguous averment, the defendant has filed its motion wherein it is alleged that the averment "is vague and ambiguous", and therefore the "defendant moves the court to require plaintiff to make his petition more definite in the respects above pointed out."

1. It may be seen from the averment of the complaint and the motion that the defendant merely seeks a bill of particulars in respect of the averment of negligence. The averment is not vague nor is it ambiguous, but merely fails to give the details or particulars now sought by the defendant. The original rule in respect of bills of particular was deleted from the Code of Rules governing Federal Procedure in civil cases. This was done for the reason that it was supposed that the discovery rules would be adequate and sufficient for the purposes sought by the defendant, as in this case.

2. However, the defendant relies on a recent case decided by able Judge Hulen in the E. D. of Missouri. The case is entitled Bush v. Skidis, D. C., 8 F.R.D. 561. An examination of that case discloses that Judge Hulen believed that the discovery rules were inadequate to furnish the information sought by a motion of this kind and that it was entirely proper for the court to require a bill of particulars on averments of general negligence. Judge Hulen conceded that all of the decisions were contrary to his ruling. However, he cited a number of cases under the discovery rules where conclusions, rather than facts, had been sought, and he applied such decisions to his case. Quite clearly the decisions cited by Judge Hulen called for mere conclusions and not basic facts, and the court properly sustained objections to interrogatories or questions in depositions possessing such evil. If the information sought be a mere conclusion under the discovery rules, then with equal force it would be a mere conclusion if required to be incorporated in the complaint. It is a fundamental rule that in the pleadings, facts, and not legal conclusions, should be alleged, although it is acknowledged that the

lines of demarcation between conclusions of law and conclusions of fact or ultimate facts are not always clear.

It would not be asking for a mere conclusion if counsel should inquire what the basic facts were in relation to alleged collision and what act of the defendant was negligent under the circumstances.

As indicated by Judge Hulen the Supreme Court interpreted its own rule of pleading by setting out in the appendix to the rules a form which made a general averment of negligence proper and acceptable. With profound respect for the able author of the opinion cited, the opinion cannot be followed here.

The motion for a more definite statement should be and will be overruled.