**EAST CROSSROADS CENTER, INC., a corporation, Plaintiff,**

v.

**MELLON–STUART COMPANY, a corporation, and Seaboard Surety Company, a corporation, Defendants.**

Civ. A. No. 65–182.

United States District Court
W. D. Pennsylvania.
Aug. 17, 1965.

Paul Ginsburg, Pittsburgh, Pa., for plaintiff.

J. N. Poffinberger, Jr., Pittsburgh, Pa., for defendants.

ROSENBERG, District Judge.

This is now here on a Motion to Dismiss the complaint. It is filed by the defendants, Mellon-Stuart Company and Seaboard Surety Company. The complaint states that the plaintiff, East Crossroads Center, Inc., commenced an action in the Court of Common Pleas of Allegheny County, Pennsylvania, at No. 3041 October Term 1959, wherein it sought damages against Mellon-Stuart Company and its bonding company, Seaboard Surety Company, for an alleged breach of a contract for the construction of the East Hills Shopping Center. The Court of Common Pleas sustained the defendants' demurrers to the plaintiff's amended complaint and dismissed the plaintiff's suit. The action of the Court of Common Pleas was affirmed by the Pennsylvania Supreme Court at No. 152 March Term 1964 (East Crossroads Center, Inc. v. Mellon-Stuart Company, 416 Pa. 229, 205 A.2d 865).

The filing of the complaint here is in effect now an action to procure a redetermination by a federal court of State courts' decisions upon allegations that the Constitution of the United States was violated by such State courts' decisions. The plaintiff was permitted at the argument of this case to submit details, but chose to stand on the statements as made in the complaint.

 While it is not required that detailed information be made in a complaint in order to support an action against another party, since all that is required is that notice be given, nevertheless, the complaint should specify the nature of the claim in a factual summary. The function of the complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. Continental Collieries v. Shober, 130 F.2d 631, C.A. 3, 1942.

 In this case the plaintiff enumerated the procedure in the State courts as it originated in the Court of Common Pleas and as it was finalized in the Penn-

sylvania Supreme Court. From the averments as made there are suggestions that the Judges of the State courts committed error in arriving at their respective determinations and this is then followed by the conclusion that the determinations as made were unconstitutional. Conclusions alone without some averments of fact do not sufficiently give proper notice of a cause of action. Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa., 1964).

The plaintiff, however, contends that his legal conclusions do support this cause of action and cites from the top of page 341 in Volume 28 U.S.C.A., under Rule 8 as follows:

"The real test of a new pleading under the new rules is not, * * * whether the allegations would be deemed good at common law. The test is whether information as given is sufficient to enable the party to plead and prepare for trial. A legal conclusion may serve the purpose of pleading as well as anything else if it gives the proper information." (45 W.Va.L.G. 5)

The real purpose of Rule 8 is to provide for a pleading which sets forth a claim for relief and contains "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Sheridan-Wyoming Coal Co. v. Krug, 83 U.S.App.D.C. 162, 168 F.2d 557, 1948; Walter Reade's Theatres, Inc. v. Loew's Inc., 20 F.R.D. 579, D.C.N.Y., 1957; Philadelphia Dressed Beef Co. v. Wilson & Co., 19 F.R.D. 198, D.C.Pa. 1956; McKenzie v. Blidberg Rothchild Co., 12 F.R.D. 392, D.C.N.Y., 1952.

█ Under this Rule the reasonable use of conclusions is not improper if the entire complaint, including such conclusions is sufficient to state a claim upon which the pleader is entitled to relief, and at the same time put the defendant on notice of the precise nature of the claim. Mails v. Kansas City Public Service Co., 51 F.Supp. 562 (D.C.Mo., 1943); Stewart-Warner Corporation v. Staley, 42 F.Supp. 140 (D.C.Pa., 1941); Cox v. Kroger Co., 9 F.R.D. 78 (D.C.Ill., 1949).

So that it does not matter if a pleading sets forth conclusions, if such a complaint is sufficiently definite as to give, on the whole, fair notice to the opposite party of the precise nature of the claim. Mails v. Kansas City Public Service Company, supra; Macleod v. Cohen-Erichs Corporation, 28 F.Supp. 103, 40 Am.Bankr.Rep.N.S. 507 (D.C.N.Y., 1939); Cox v. Kroger Co., supra. Neither are conclusions of law contained in a complaint objectionable. These may be treated as surplusage if the pleadings set forth sufficient information upon which a claim may be used. Anderson v. Seeman, 252 F.2d 321, C.A.5, 1958; cert. den. 358 U.S. 820, 79 S.Ct. 32, 3 L.Ed.2d 61; Edwards v. E. I. Du Pont De Nemours & Co., 183 F.2d 165, C.A.5, 1950; Mails v. Kansas City Public Service Co., supra. In other words, legal conclusions in a pleading must be supported by averments of fact. Patten v. Dennis, 134 F.2d 137, C.A. 9, 1943; Zimmerman v. National Dairy Products Corp., 30 F. Supp. 438 (D.C.N.Y., 1939); Petrikin v. Chicago, R. I. & P. R. Co., 14 F.R.D. 31 (D.C.Mo., 1953); Simmons Co. v. Cantor, 3 F.R.D. 281 (D.C.Pa., 1944).

The plaintiff avers that because of the breach of contract by the defendant, Mellon-Stuart Company, the plaintiff was damaged; and that the Common Pleas Court's "poor guessing and departure from the usual and accepted practice, resulted in a denial of the plaintiff's right to a trial by jury for a proper finding of the facts, to a Day in Court and to a deprivation of plaintiff's right to due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States." (par. 39) Furthermore, the plaintiff charges that the per curiam affirmance of the Pennsylvania Supreme Court failed to adjudicate a single issue before it. Accordingly, the plaintiff charges it was deprived of due process of law.

█ The complaint does not make any averments as to what constituted the "poor guessing" of the Common Pleas Court or in what way that Court departed from the usual and accepted practice.

If the sustaining of preliminary objections as practiced under Pennsylvania law and procedure, and preventing the case from going to a jury is the basis for the plaintiff's complaint to the State Court's decisions, it must attack the validity of that procedure itself. And if the determination of the Common Pleas Judge as to construction of the meaning of the terms of the contract is the gist of the expression "poor guessing", it relates to legal error in the determination of the case. Mere error of state law will not be declared to be a denial of due process. Gryger v. Burke, 1948, 334 U. S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683, rehearing denied 335 U.S. 837, 69 S.Ct. 13, 93 L.Ed. 389. See, also, Rupp v. Teets, 235 F.2d 674, C.A. 9, 1956, cert. den. 352 U.S. 900, 77 S.Ct. 139, 1 L.Ed.2d 92. The Constitution does not guarantee that the decision of state courts shall be free from error, or require that pronouncements shall be consistent. Worcester County Trust Co. v. Riley, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268, 1937; Tracy v. Ginsburg, 205 U.S. 170, 27 S.Ct. 461, 51 L.Ed. 755, 1907; Central Land Co. of West Virginia v. Laidley, 159 U.S. 103, 16 S.Ct. 80, 40 L.Ed. 91, 1895. When the parties have been fully heard in the regular course of judicial proceedings, an erroneous decision of the state court does not deprive the unsuccessful party of his property without due process of law. Filer v. Steele, 228 F. 242, affirmed 241 U.S. 648, 36 S.Ct. 550, 60 L.Ed. 1220, 1916; Bonner v. Gorman, 213 U.S. 86, 29 S.Ct. 483, 53 L.Ed. 709; Delmar Jockey Club v. State of Missouri, 210 U. S. 324, 28 S.Ct. 732, 52 L.Ed. 1080 (1908); Central Land Co. v. Laidley, supra. Under these circumstances, the plaintiff has stated mere conclusions in its complaint that it was deprived of its constitutional rights in the State courts and this alone does not set forth sufficient notice to support a claim. Swank v. Patterson, 139 F.2d 145, C.A. 9, 1944.

In any event, if the state procedure involves constitutional rights after the appellate court of a state has made its determination, resort is not to a United States district court. This then raises the question of jurisdiction. Peterson v. Demmer, 34 F.Supp. 697 (D.C.Tex., 1940); Binderup v. Pathe Exchange, 263 U.S. 291, 44 S.Ct. 96, 68 L.Ed. 308 (1923).

This entry of an original suit here amounts to a retrial appeal from the Supreme Court of Pennsylvania. Appeals do not lie from a state court to a United States district court. Williams v. Tooke, 108 F.2d 758, C.A. 5, 1940; Hendron v. Yount-Lee Oil Co., 108 F.2d 759, C.A. 5, 1940; Manufacturers Record Publishing Company v. Lauer, 169 F.Supp. 234 (D.C.La., 1959). In its prayer for a declaratory judgment the plaintiff in effect desires that the Federal District Court nullify the State Courts' findings. But a federal district court cannot nullify a state court's judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Manufacturers Record Publishing Company v. Lauer, supra.

If the plaintiff is to have any remedy from a federal court, it would appear that the proper procedure would be by application to the United States Supreme Court for the issuance of a writ of certiorari to the Supreme Court of Pennsylvania. But the plaintiff argues that this is not a proper procedure and cites as authority Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Here the Supreme Court granted habeas corpus relief to the petitioner and made its rulings as to the exhaustion of state remedies by a petitioner for habeas corpus relief before applying to a federal court. The Court overruled the holding in Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950) that state prisoners must ordinarily seek certiorari to the Supreme Court as a pre-condition to their making application for federal habeas corpus relief. However, there is nothing to indicate that this ruling extends to or includes civil action procedure.

In Davega-City Radio, Inc. v. Boland et al., 23 F.Supp. 969 (D.C.N.Y., 1938), an employer claimed, because he was en-

gaged in interstate commerce, to be subject exclusively to the jurisdiction of the National Labor Relations Act. The employer petitioned the State court to vacate an order of the State Labor Relations Board and appealed from an order of the State court sustaining the State board's jurisdiction. The employer thereafter applied to the United States District Court to enjoin the State Labor Relations Board from further action in the matter. The District Court concluded that a state court's decision may not be reviewed in a federal court by a bill in equity. At page 970, it said:

" * * * Here the plaintiff has presented to the state court the same questions as to the jurisdiction of the state Board that it wishes this court to decide. The issue having been decided adversely to it, its remedy is appeal through the appropriate state courts and, if necessary, review by the Supreme Court of the United States. It cannot obtain a review by this independent suit in the federal court."

Authority for the United States Supreme Court to issue writs of certiorari is found in the Act of June 25, 1948, c. 646, 62 Stat. 929, 28 U.S.C.A. § 1257:

"Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court as follows:

\* \* \* \* \*

(3) By writ of certiorari, where the validity of a treaty or statute of the United States is drawn in question or where the validity of a State statute is drawn in question on the ground of its being repugnant to the Constitution, treaties or laws of the United States, or where any title, right, privilege or immunity is specially set up or claimed under the Constitution, treaties or statutes of, or commission held or authority exercised under, the United States."

In Norwood v. Parenteau, 228 F.2d 148, C.A. 8, 1955, an optometrist applied to the District Court to have a decision of a State Appellate Court declared null and void. The State decision had revoked his license to practice. At page 150, the Court said:

"Where an adequate state remedy is available and that remedy is employed, the party using it cannot escape the results of the action by a mere change from state to federal courts. Davega-City Radio v. Boland, D.C.N.Y.1938, 23 F.Supp. 969; New Jersey Chiropractic Ass'n. v. State Board, D.C.N.J.1948, 79 F. Supp. 327. The state action is *res judicata* to all subsequent actions; there is left only appeal to the United States Supreme Court under Title 28 U.S.C. § 1257. American Surety Co. v. Baldwin, 1932, 287 U. S. 156, 53 S.Ct. 98, 77 L.Ed. 231; Mitchell v. First Nat. Bank of Chicago, 1901, 180 U.S. 471, 21 S.Ct. 418, 45 L.Ed. 627; Blythe v. Hinckley, 1899, 173 U.S. 501, 19 S.Ct. 497, 43 L.Ed. 783."

The reasoning in Norwood is applicable here.

For all of these reasons, the defendants' motion will be granted and the complaint will be dismissed.