**HENDRON et al. v. YOUNT-LEE OIL CO. et al.**

No. 9286.

Circuit Court of Appeals, Fifth Circuit.

Jan. 9, 1940.

Rehearing Denied March 18, 1940.

D. B. Chapin, of San Antonio, Tex., for appellants.

George S. Terry, Grover Sellers, J. W. Timmins, and T. L. Foster, all of Dallas, Tex., Wright Morrow, of Houston, Tex., and George Prendergast, of Marshall, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

This suit was brought by Dora B. Hendron, Emil Claude Howard and Glenn Howard against Yount-Lee Oil Co., Sun

Oil Co., Stanolind Oil & Gas Co., Fidelity Royalty Co. and S. G. Smith, to recover 53⅓ acres of land, part of the Wm. Castelberry Survey, in Gregg County, Texas. Jurisdiction was asserted by reason of sufficient amount involved and diversity of citizenship; and on the ground that certain judgments of the Texas state courts deprived plaintiffs of the equal protection of the laws and due process of law, in violation of the 14th Amendment. Jurisdiction based on diversity of citizenship and sufficient amount involved was admitted. Defendants pleaded res adjudicata and denied that a substantial federal question was presented for decision. There was judgment in favor of defendants dismissing the suit from which this appeal is taken. The complaint is lengthy but the case may be briefly stated.

Plaintiffs are the sole heirs at law of Z. T. Howard, who in 1904 owned the land in controversy. In 1904 the land was sold by the sheriff of Gregg County, on executions issuing from a justice of the peace court and the District Court, to W. R. Bass. Defendants hold by mesne conveyances from Bass. In October, 1934, plaintiffs brought suit against defendants in the District Court of Woods County, Texas, to recover the land, alleging the invalidity of the sale on substantially the same grounds as are urged in the suit at bar. That suit was decided against them by the District Court and on appeal to the Court of Civil Appeals the judgment was affirmed, Hendron v. Yount-Lee Oil Co., 119 S.W.2d 171. The Supreme Court of Texas denied a writ of error.

It is apparent the plea of res adjudicata is good unless the judgments of the District Court of Woods County, the Court of Appeals and the Supreme Court of Texas above referred to, are set aside as depriving plaintiffs of due process of law in violation of the 14th Amendment. In the case of Susie Williams et al. v. Allen Tooke et al., 5 Cir., 108 F.2d 758, decided this day, on allegations of unconstitutionality substantially the same as in the case at bar, we had occasion to consider the jurisdiction of a District Court of the United States to set aside a judgment of a state court. On authorities cited therein, we held the District Court was without jurisdiction for want of the presentation of a substantial federal question. On the authority of that case the judgment is affirmed.