85 So.2d 3

Elbert B. CONNELL

v.

DULIEN STEEL PRODUCTS, Inc.

No. 42012.

Dec. 12, 1955.

Rehearing Denied Jan. 16, 1956.

Blanchard, Goldstein, Walker & O'Quin, Shreveport, for defendant-appellant.

Mecom, Scott & Despot, Shreveport, for plaintiff-appellee.

PONDER, Justice.

In this suit the plaintiff seeks to recover overtime pay, liquidated damages, and attorney's fees under the provision of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., for services rendered as a night watchman while employed by the defendant. The defendant answered the suit alleging that the plaintiff was not employed for more than 40 hours per week and was not, therefore, entitled to overtime pay. The case was tried in the district court and the plaintiff was awarded judgment in the amount of $22,229.56 and $1,000 for attorney's fees. The defendant has appealed.

The only question presented in this case is whether or not the plaintiff, under the contract of employment, was required to remain on the premises throughout the night. Counsel have entered into an agreement that the amount awarded by the district court is correct if the plaintiff was required under his employment to remain on the premises overnight.

The plaintiff was employed as a night watchman in a plant owned by the Reconstruction Finance Corporation. The plant was sold to the defendant under a contract which obligated it to liquidate the business and divide the proceeds with the Reconstruction Finance Corporation on a basis set forth in the contract. The defendant was required to post bond during the period of liquidation and the Reconstruction Finance Corporation retained cer-

tain supervision over the property during the period of liquidation. When the property was transferred to the defendant, the plaintiff was retained as night watchman. The plaintiff testified that shortly thereafter a representative of the defendant company informed the plaintiff that a government inspector had been there and had checked his work and that the plaintiff would be required thereafter to stay on the premises all night and would be required to make five rounds each night and punch the clock after each round. The plaintiff's testimony was contradicted by three witnesses who were officers and employees of the defendant company, insofar as the plaintiff was required to remain on the premises throughout the night. The trial judge in his written opinion states that he was not impressed as to their sincerity. The defendant's witnesses admitted that it was the duty of the plaintiff to arrive on the premises at sundown, turn on the lights, and check everything including the locks and the gates; that he was to make five rounds during the night and punch the clock at various stations; and to check the premises in the morning and turn off the lights. A representative of the Reconstruction Finance Corporation testified that the plaintiff was on duty during all the night hours and, if such had not been the case, he would have reported it to his superiors since, according to his understanding of government instructions given to him, the property was to be guarded at all times dur-

ing the dark hours by the defendant company.

In light of this testimony and under the facts in this case, it is apparent that the plaintiff was required to watch the premises throughout the night and, such being the case, the plaintiff is entitled to overtime pay and attorney's fees.

For the reasons assigned, the judgment is affirmed at appellant's cost.