Elbert B. **CONNELL**, Appellant,

v.

**DULIEN STEEL PRODUCTS,**
Inc., Appellee.

No. 16269.

United States Court of Appeals.
Fifth Circuit.

Jan. 18, 1957.

Rehearing Denied Feb. 13, 1957.

Leroy H. Scott, Jr., Shreveport, La.,
Mecom, Scott & Despot, Shreveport, La.,
for appellant.

Irwin Geiger, Washington, D. C.,
Steven N. Cowel, Shreveport, La., Mi-

chael A. Schuchat, Washington, D. C., Geiger & Harmel, Washington, D. C., of counsel, for appellee.

Before BORAH, TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from two orders of the district court overruling motions to dismiss on the ground of lack of jurisdiction over the subject matter and for failure to state a claim on which relief may be granted and granting a temporary restraining order in a suit to prevent appellant from enforcing a judgment he had obtained in the state courts of Louisiana. The principal issues here are whether the orders in question are appealable, whether the court had jurisdiction to order the restraint, and whether appellee's complaint stated a proper claim for equitable relief as a matter of state law.

During 1949–1951 appellant was employed by appellee as a watchman under a contract which called for a monthly pay of $225.00. Appellant's principal duty was to make each night four or five 45 minute rounds through appellee's premises. After his separation appellant sued for overtime pay under the provisions of the Fair Labor Standards Act, 29 U.S. C.A. § 201 et seq., on the theory that as a result of some complaints by Government inspectors soon after he started to work he had from then on been required to spend all the night hours on appellee's premises, and thus had worked considerably in excess of 40 hours per week; he admitted that the performance of his prescribed duties required only about 30 hours per week but claimed that he had to spend altogether over 84 hours per week on the premises.

After trial in a Louisana state district court an opinion was rendered on April 6, 1954, on the only issue that had thus far been contested, to the effect that appellant had been required to spend all his night hours on appellee's premises and was thus entitled to overtime pay; on the issue of the amount of recovery the court stated that the matter had not yet been sufficiently argued but would be passed on by the court if the parties could not agree. Appellee later moved for a hearing to determine the amount.

After some correspondence and before such a hearing took place the parties filed a stipulation that the amount should be $22,229.56 plus $1,000 counsel fees.[1] This amount was arrived at by computing the hourly contract rate on the assumption that $225 per month was for a 30 hour work week, i. e. about $1.73 per hour, and multiplying one and one-half times this rate by the total number of hours worked in excess of 40 each week (average of $84 - 40 = 44$ hours per week) and then doubling the amount to include the 100% penalty allowed by the Act.

On the above opinion and stipulation the trial court entered judgment for the stipulated amount with legal interest from the date of judicial demand and all costs of the suit.

On December 12, 1955, the Louisiana Supreme Court affirmed the district court, Connell v. Dulien Steel Products, 228 La. 1093, 85 So.2d 3, having considered only the issue whether appellant's constant presence on appellee's premises had actually been required, and relying on the stipulation for a determination of

1. The stipulation reads as follows:
"Stipulation of counsel.

"On the basis of the opinion handed down by the Court in this case, counsel for both plaintiff and defendant have calculated the amount of the judgment required by the opinion and have agreed that such amount is Twenty-two Thousand Two Hundred Twenty-nine and 56/100 ($22,229.56) Dollars.

"Counsel have also agreed that there shall be added to this amount One Thousand ($1,000.00) Dollars as attorney fee.

"In entering into this stipulation, counsel for defendant does not agree that the judgment is correct and does not waive the right of appeal therefrom.

"This 9th day of June, 1954."

the amount of the recovery. Rehearing was denied on January 6, 1956.

At that point appellee apparently employed new counsel who discovered that a "mistake" (detailed below) had been made in the calculation of the stipulated amount and moved the state supreme court to recall its judgment and remand the case to the district court for a re-computation of the amount. Appellant opposed the motion, allegedly on jurisdictional grounds, and it was denied without opinion on February 21, 1956. The United States Supreme Court denied certiorari on May 7, 1956, 351 U.S. 926, 76 S.Ct. 783.

On May 8, 1956, appellee filed the present suit in the United States District Court for the Western District of Louisiana, asserting jurisdiction in diversity and praying for a temporary and permanent injunction against the enforcement of the judgment on the ground that it was based on a mutual mistake of fact. Simultaneously a motion for a "preliminary injunction" was filed. On the same day an informal hearing was held before the court at which both parties were represented, and counsel for appellant objected to the jurisdiction of the court. He promised, however, that no attempt would be made to enforce the state judgment without first giving at least 10 days notice to both the court and to appellee's counsel, and it was agreed that the court would consider the question of jurisdiction upon briefs to be submitted.

On May 22nd appellant filed two motions to dismiss, one on the grounds of lack of jurisdiction and of res judicata and the other for failure to set forth a claim upon which relief could be granted. On May 29 notice was given that appellant would no longer voluntarily desist from enforcing his state judgment. On June 1st appellant filed his answer, reserving his rights under the previous motions.

On June 8th counsel for both parties appeared before the court; in an oral opinion the court overruled the motions to dismiss for lack of jurisdiction and for failure to state a claim, while the plea of res judicata was referred to a hearing on the merits. The several defenses raised in the answer were also briefly discussed. The court then set July 9th as the date for a hearing on a preliminary injunction, and stated that he would be inclined to issue a temporary restraining order upon appellee's furnishing a bond in the sum of $5,000. The court stated that since this order was issued upon notice he did not believe that the 10 day limitation expressed in Rule 65 (b), Fed.Rules Civ.Proc. 28 U.S.C.A., was applicable. Counsel for appellant objected to the granting of a temporary restraining order, principally on the ground that as a matter of state law no finding of a threat of irreparable injury could be sustained.

On June 11th appellee furnished the required bond and filed a motion for a "temporary restraining order" which was granted on the basis of Conclusions of Fact and Conclusions of Law approved by the court, the restraint to last: "until the final decision of the Court on Plaintiff's Motion for Preliminary Injunction." This order was served on appellee the next day.

On June 15th appellant moved "To Dissolve Temporary Restraining Order and Preliminary Injunction" on several grounds, including failure to show a threat of irreparable injury, inadequate hearing and notice within the meaning of Rule 65(b), and because the order did not by its terms expire within a maximum of ten days. The record does not show the disposition of that motion.

On June 23rd appellant filed his notice of appeal from the order of June 8th overruling the motions to dismiss and from the order of June 11th restraining appellant from enforcing his state judgment.

The "mistake" on which the present action is based and which appellee's present counsel discovered so late in the proceedings is that the hourly wage rate on which the calculation of the overtime pay was based should not have been arrived at by dividing the weekly wage (derived from the monthly $225) by 30 hours (the

amount of time appellee had claimed appellant was required to work) but by the 84 hours that the court found that appellant had actually had to spend on the premises. Since this would have reduced the basic hourly wage from an assumed $1.73 to 61 cents, which is lower than the then legal minimum rate, appellee recomputed the required compensation based on a regular rate of 75 cents per hour (the then legal minimum) and arrived at $4,812.20, including the 100% penalty. Appellee also asserts that the Fair Labor Standards Act does not permit the granting of interest from the date of judicial demand and thus the Louisiana court was in error in granting it in accordance with state practice.

■■ The first issue that faces this Court is one that was not raised by counsel for either party but which is necessarily preliminary to all other questions: are the orders here complained of appealable, or should the appeal be dismissed as not within the jurisdiction of this Court. It is clear that the orders of June 8th, refusing to dismiss the suit on jurisdictional and other grounds, are not such as could by themselves be appealed under 28 U.S.C.A. § 1291. However, certain interlocutory decisions such as preliminary injunctions may be reviewed by virtue of 28 U.S.C.A. § 1292 (1), and if the propriety of such an order is properly before an appellate court other issues such as the jurisdiction of the trial court may also be reviewed. Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189; Riverbank Laboratories v. Hardwood Products Corp., 7 Cir., 220 F.2d 465; 6 Moore ¶54.08[1]. The question therefore is whether the granting of a "temporary restraining order" under the above circumstances is tantamount to granting a preliminary injunction and is thus reviewable by a Court of Appeals.

■ A preliminary injunction issued in accordance with Rule 65(a) is appealable as an interlocutory decision under 28 U.S.C.A. § 1292. Peters v. Standard Oil Co. of Texas, 5 Cir., 174 F.2d 162, and cases cited above. On the other hand, in general a mere temporary restraining order issued under Rule 65 (b) is not considered appealable. See Pressed Steel Car Co. v. Chicago & A. R. Co., 7 Cir., 192 F. 517, for a decision under the 1906 Circuit Court of Appeals Act and Steinberg v. American Bantam Car Co., 3 Cir., 173 F.2d 179, which is cited for this proposition in 7 Moore ¶65.07 at 1649. However, it has been held that if a temporary restraining order is continued for a *substantial length of time* past the period permitted by Rule 65(b), without the consent of the party against whom it is directed and without the safeguards prescribed by the Rule, it becomes, in effect, a temporary injunction from which an appeal lies. Sims v. Greene, 3 Cir., 160 F.2d 512; 7 Moore ¶65.07 at 1649.

The order in the instant case was issued on June 11th to continue "until the final decision of the Court on Plaintiff's Motion for Preliminary Injunction." Since by an oral order on June 8th the hearing on that motion had been set for July 9th the minimum duration of the restraint would appear to be 28 days. Rule 65(b) sets a 10 day limit on a "temporary restraining order granted without notice" and permits an extension of no more than 10 days unless the party against whom it is directed consents to a longer period. Here the order was not issued without notice, but was approved in the presence of counsel for both parties. The court held that therefore the 10 day restriction was not applicable since the restriction of the rule appears to apply only to orders issued without notice.[2] But this interpretation would read out of the rule the requirement of the *consent* of the restrained party to an extension beyond a second 10 day period, since it would, in effect, substitute mere notice to, or the presence of, the party for its consent. Here it

2. Sims v. Greene, supra, stated that no temporary restraining order may last beyond 20 days; this was criticized in 7 Moore ¶65.07 at 1648–49. Cf. Metalock Repair Service v. Harman, 6 Cir., 216 F. 2d 611.

is clear that there was no such consent, for although appellee did not initially object to the temporary restraining order on the ground of its excessive duration, his counsel objected to the issuance of *any* such order on the ground that no threat of an irreparable injury had been shown; though perhaps this was not a proper objection it certainly was not consent.

■■ It is not actually necessary for us to decide whether this order should properly have been designated as a "preliminary injunction" (issued after a notice and hearing allegedly not sufficient under the requirements of Rules 65(a), 6 (d), and 7(b))[3] rather than a "temporary restraining order" (issued for perhaps too long a period), for the question of appealability should not depend on mere terminology but on whether the order is one within the purview of § 1292. The practical reasons for not generally allowing appeals from temporary restraining orders are that (1) they are usually effective for only very brief periods of time, far less than the time required for an appeal (which accounts for the paucity of cases on this point), and are then generally supplanted by appealable temporary or permanent injunctions, (2) they are generally issued without notice to the adverse party and thus the trial judge has had opportunity to hear only one side of the case, and (3) the trial court should have ample opportunity to have a full presentation of the facts and law before entering an order that is appealable to the appellate courts. Where, as here, the duration of the order barely extends beyond 20 days and even though issued after notice (perhaps insufficient) we think it is not a temporary injunction and appealable. Appellant should have waited for another two weeks from the date on which he filed this appeal, at which time the trial court could have disposed of the question whether enforcement of the state judgment should be enjoined pending a full trial on the merits.

It is not at all clear that the court below would actually have granted a preliminary injunction, for there are several legal questions that might well have been passed on at such a hearing. Orderly procedure requires that the trial court be given the opportunity of passing on these legal matters at the time of the hearing of the motion for preliminary injunction. Also, the plaintiff below should be required at the hearing on preliminary injunction to make out a prima facie case on the merits in order to obtain injunctive relief.

We think it would be premature for us to consider the appeal under the present state of the record. The appeal must be

Dismissed.