**DULIEN STEEL PRODUCTS, Inc.,**
Appellant,

v.

**Elbert B. CONNELL, Appellee.**

No. 16753.

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1958.

Rehearing Denied March 27, 1958.

Writ of Certiorari Denied May 26, 1958.

See 78 S.Ct. 1008.

Irwin Geiger, Washington, D. C., Steven N. Cowel, Shreveport, La., Michael A. Schuchat, Washington, D. C. (Geiger, Harmel & Schuchat, Washington, D. C., of counsel), for appellant.

Leroy H. Scott, Jr., Shreveport, La., Mecom, Scott & Despot, Shreveport, La., for Elbert B. Connell.

Before BORAH, TUTTLE, and CAMERON, Circuit Judges.

BORAH, Circuit Judge.

When this case was here on a former appeal from an order of the District Court which temporarily restrained the defendant from enforcing a state court judgment "until the final decision of the Court on Plaintiff's Motion For Preliminary Injunction," we held that the order was not a temporary injunction and accordingly dismissed the appeal. Thereafter, and following further proceedings which were had in the court below, the temporary restraining order was dissolved and the complaint was dismissed. As a result this second appeal followed.

The facts which give rise to this controversy are fully set forth in our prior opinion which is reported in 240 F.2d 414, and for present purposes they may be summarized as follows: On May 8, 1956, plaintiff filed its complaint praying for a temporary and permanent injunction restraining defendant, upon such terms as the court may deem just, from executing or enforcing a judgment which the latter had theretofore obtained in a Louisiana state district court on the ground that the judgment was unconscionable and based upon mutual mistake of fact. Simultaneously, a motion for preliminary injunction was filed, and on the same day at an informal hearing counsel for the defendant interposed an objection to the jurisdiction of the court, following which it was agreed by and between counsel that the court would consider the question of jurisdiction upon briefs to be submitted. On May 22nd defendant filed motions to dismiss the suit on the grounds: (1) that the court lacked jurisdiction; (2) that the judgment which was affirmed by the Louisiana Supreme Court, 228 La. 1093, 85 So.2d 3, and in which certiorari was denied by the United States Supreme Court, 351 U.S. 926, 76 S.Ct. 783, 100 L. Ed. 1456, was res judicata; and (3) for failure to set forth a claim upon which relief could be granted. Thereafter, defendant answered the complaint with reservation of his rights under the previous motions. On June 8th, the court overruled the motions to dismiss for lack of jurisdiction and for failure to state a claim; referred the plea of res judicata to the merits; and set July 9th as the date for the hearing on plaintiff's motion for preliminary injunction. Prior to the hearing, and on June 11th, the court granted a temporary restraining order enjoining defendant from attempting to enforce, execute, or collect the judgment until the final decision on the motion for preliminary injunction. Whereupon the defendant moved to dissolve the order of

June 11th and for summary judgment. And when no action was taken thereon, defendant on June 23rd appealed.

In our consideration of the record on this prior appeal, we made the observation that the defendant "should have waited for another two weeks from the date on which he filed this appeal, at which time the trial court could have disposed of the question whether enforcement of the state judgment should be enjoined pending a full trial on the merits." And in this connection we stated further that it was not at all clear that the court below would actually have granted a preliminary injunction, for there "are several legal questions that might well have been passed on at such a hearing." Thereafter, and following the denial of an application for rehearing, our mandate was on March 1, 1957, filed with the clerk of the District Court. However, it was not until after the defendant had applied for and obtained from the state district court an order to show cause why the judgment in controversy should not be enforced that plaintiff was moved to action by filing in the court below a second application for an order specifically restraining the defendant from proceeding further in the state court proceeding. Upon notice to the defendant, plaintiff's application, together with defendant's motions to dismiss and for summary judgment, came on for hearing on April 3, 1957, at which time the court denied plaintiff's application for a restraining order; granted defendant's motions to dismiss and for summary judgment; and dissolved the temporary restraining order which had theretofore been granted on June 11, 1956. Thereupon, plaintiff appealed and moved for and was granted an injunction restraining enforcement of the judgment during the pendency of the appeal.

■■ Appellant's first and principal assignment of error is that the court erred in dismissing the action for want of jurisdiction. We do not at all agree. The only possible ground of jurisdiction in the present case is diversity of citizenship for the right of action claimed, that is, the right to be relieved from paying the full amount of an allegedly erroneous state judgment on the grounds that its enforcement would be unconscionable and inequitable, does not arise under the Constitution or a law or treaty of the United States. It exists, if at all, under a statute of the state, for diversity jurisdiction must follow state law and policy, and we look to local law to find the cause of action on which suit is brought.

Article 556 of the 1870 Code of Practice provides that:

"Definitive judgments may be revised, set aside or reversed:

"1. By a new trial.

"2. By appeal.

"3. By action of nullity.

"4. By recission.

"This last mode can only be exercised by minors, or persons who were absent when judgment was rendered against them."

With reference to the action of nullity, Article 607 of the Code of Practice provides that:

"A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment."

In construing Article 607 the courts of Louisiana have declared that the action of nullity is not limited to the cases specified in the article, but, as was stated in Succession of Gilmore, 157 La. 130, 102 So. 94, 95, the courts "will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under

which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character." But in Gilmore there was no appeal from the judgment sought to be annulled and what the court there said with respect to the action of nullity must be considered in the light of the construction the Supreme Court has placed upon Article 608 of the Code of Practice. This article provides, in pertinent part, that the action of nullity may be demanded only "from the same court which has rendered the [judgment,] or from the court of appeal before which the appeal from such judgment was taken." In the landmark case of Melancton's Heirs v. Broussard, 2 La. 8, an independent action was instituted in a state district court to annul a judgment which, as here, had been passed upon on appeal by the Louisiana Supreme Court. There the plaintiff-appellee relied on Article 608 of the 1825 Code of Practice, which is identical with Article 608 of the 1870 Code, and urged that since the Supreme Court possessed no original jurisdiction,[1] judgments of that court "may be attacked on the score of nullity in the Court which rendered the judgment appealed from, whether affirmed or reversed by this [Supreme] Court." In rejecting this contention the court tersely said: "This appears to us a *non sequitur*. The Legislature has not given jurisdiction to the District Court and it cannot assume it." To the same effect is Succession of Martin v. Succession of Hoggatt, 37 La.Ann. 340, wherein the Supreme Court in a vigorous and caustic opinion approved its holding in the Melancton case. Since the rendition of these decisions, the Louisiana legislature has not amended Article 608 or enacted any law which would purport to confer jurisdiction on the district courts of the state to grant such relief from a judgment rendered by a state appellate court, and under Art. VII, §§ 10 and 29 of the Louisiana Constitution of 1921, LSA the appellate courts have no original jurisdiction to entertain such an action. Thus, it appears that since the Supreme Court of Louisiana has authoritatively announced that the right to recover is not available in the state courts, it would contradict the presuppositions of diversity jurisdiction for a federal court in the state to grant such relief, for it is now settled law that diversity jurisdiction must follow state law and policy. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Company of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. Since the cause of action was created by local law, the measure of it is to be found only in local law, and as was said in Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 533, 69 S.Ct. 1233, 1235, 93 L.Ed. 1520, "Where local law qualifies or abridges it, the federal court must follow suit. Otherwise there is a different measure of the cause of action in one court than in the other, and the principle of Erie R. Co. v. Tompkins is transgressed." In accordance with the foregoing, we hold that the action was properly dismissed, not for the reasons stated by the trial judge in his oral opinion, but for want of jurisdiction of the subject matter.

We have considered the other questions raised by appellant, but in view of our holding we shall refrain from any discussion thereof. And with respect to the point urged by appellee we shall be content to say that we find no merit in his motion to dismiss and for damages for a frivolous appeal. Accordingly, the motion to dismiss the appeal is denied and the judgment appealed from is affirmed.

Affirmed.

CAMERON, Circuit Judge.

I concur in the result.

1. See Art. IV, § 2, Louisiana Constitution of 1812.