**MANUFACTURERS RECORD PUBLISHING COMPANY, Plaintiff,**

v.

**Margaret E. LAUER, the duly qualified and authorized Testamentary Executrix of the Succession of Jacques E. Blevins in Succession No. 325,086 of the Civil District Court, Division "B," Parish of Orleans, Louisiana; Louis J. Roussel and Republic Petroleum Corporation, Defendants.**

**No. 8428.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 7, 1959.

Wilkinson, Lewis, Wilkinson & Madison, W. Scott Wilkinson, John M. Madison and John C. Christian, Shreveport, La., for plaintiff.

Henican, James & Cleveland, C. Ellis Henican, New Orleans, La., for Margaret E. Lauer, defendant.

Clem H. Sehrt, New Orleans, La., for Louis J. Roussel, defendant.

Kalford K. Miazza, New Orleans, La., for Republic Petroleum Corp., defendant.

J. SKELLY WRIGHT, District Judge.

Plaintiff seeks a judgment from this Court declaring null and void the judgment of the Supreme Court of Louisiana in Suit No. 43,469 entitled "Blevins v. Manufacturers Record Publishing Company," [1] in so far as the judgment in that case affects Tracts 1 and 3 of certain described oil producing property. It also seeks an injunction restraining and prohibiting the defendants from enforcing or executing that judgment. The Blevins case in the state court was a title contest over Tracts 1, 2 and 3, the Supreme Court holding that the heirs of Blevins were the owners of Tracts 1 and 3 whereas the plaintiff herein was the owner of Tract 2.

The jurisdictional basis for the action in this court is alleged to be the general equitable power of a federal court in diversity cases, as well as federal question jurisdiction based on the alleged denial of due process of law and equal protection of the laws by the state court in the proceedings aforementioned. Plaintiff alleges that the action of the state court was arbitrary and unreasonable in that its decision, depriving the plaintiff of title to Tracts 1 and 3, was based on erroneous principles not recognized by Louisiana law. It alleges that to enforce the state court judgment would be contrary to equity and good conscience.[2]

---

1. 235 La. 708, 105 So.2d 392.

2. Plaintiff's complaint, in pertinent part, reads:
 "This is a suit of a civil nature, and is brought for the purpose of enjoining the enforcement of a certain judgment of the Supreme Court of Louisiana rendered on the 26th day of May, 1958, on the grounds that said judgment is null and void and should not 'in equity and good conscience be enforced,' and that Complainant has no adequate remedy at law under the laws of the State of Louisiana. The said judgment transfers property of Complainant to the defendants in absolute violation of the constitution and laws of the State of Louisiana

Defendants have filed a motion to dismiss for lack of jurisdiction in this court and for failure to state a claim. They assert that with certain specified exceptions, 28 U.S.C. § 2283[3] prohibits a federal court from enjoining proceedings in the state court and that this action does not come within any of the exceptions.

The record, as now made up, shows that the state court title litigation, which is the basis of the action here, was fully heard both at the trial level and before the Supreme Court of Louisiana.[4] The trial court held that the plaintiff here, Manufacturers Record Publishing Company, was the owner of the property in suit. The Supreme Court reversed the trial court and held that the defendants here owned the property. On rehearing, the Supreme Court, while reaffirming its prior ruling as to Tracts 1 and 3, amended that ruling so that the ownership of Tract 2 was recognized in Manufacturers Record Publishing Company. The decision of the Supreme Court of Louisiana originally and on rehearing was by a divided court, 4–3.

At no point in the state proceedings was any federal constitutional question raised. The decisions by the trial court and by the Supreme Court were based on their conceptions of Louisiana law. The justices dissenting also referred only to Louisiana law as the basis for their dissents. No application for review of the state Supreme Court's ruling was made to the Supreme Court of the United States. The time for making such application has now expired and plaintiff has brought this proceeding asking that the state court judgment be declared null and execution thereof enjoined.

The short answer to this litigation is probably contained in two decisions of the Court of Appeals of the Fifth Circuit. These two cases,[5] strikingly similar in facts to the case at bar, even to the extent that they involve title to oil producing land, hold that a federal district court has no jurisdiction to review the decisions of state courts, irrespective of the manner in which the relief sought in the federal court is styled. In the Williams and Hendron cases, the unsuccessful title litigants in the state court, charging the state court with arbitrarily and capriciously discriminating against them in failing to recognize their title to the land in suit, asked the federal court to declare the successful state court litigant a constructive trustee of the property and the unsuccessful state court litigant the beneficiary of the trust. The Fifth Circuit, in affirming the dismissal of the suits for want of jurisdiction, stated, "The purpose of the suit is clearly to seek a review of the decisions of the Texas courts * * *." Williams v. Tooke, supra, 108 F.2d 759.

Plaintiff here maintains that this is an independent action, that it is not asking

and further in absolute violation of Complainant's property rights as guaranteed by the Constitution of the United States. As Complainant hereinafter shows, the Supreme Court of Louisiana arbitrarily and without cause, and in disregard of substantive and procedural rights of Complainant under Louisiana law, denied to Complainant due process of law and equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States, and in violation of Article 1, Sections 2 and 6, and Article 7, Section 1, of the Constitution of Louisiana [LSA]."

3. 28 U.S.C. § 2283 reads:
 "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

4. The state court record consists of 1892 pages and 350 documents.

5. Williams v. Tooke, 5 Cir., 108 F.2d 758; Hendron v. Yount-Lee Oil Co., 5 Cir., 108 F.2d 759. In the Hendron case the jurisdictional basis was diversity and federal question. In Williams only the presence of a federal question was alleged. Compare O'Boyle v. Bevil, 5 Cir., 259 F.2d 506, and Dulien Steel Products v. Connell, 5 Cir., 252 F.2d 556.

this court to review the decision of the state court. Plaintiff insists that it merely wants the execution of the state court judgment permanently enjoined so that the defendant here would never be recognized as owner of the land in suit in spite of having been so declared by the Louisiana Supreme Court. Its request for such relief is not based on allegations of lack of notice, or hearing, or perjury, or other fraud in the state court proceedings. Plaintiff here simply alleges that the Supreme Court of Louisiana has misapplied the Louisiana law in reaching its result. If this is not seeking review of a state court decision, it represents a distinction without a difference. Certainly the difference would not be discernible to the prevailing party in the state court. Moreover, if plaintiff is not seeking a review of the state court judgment, and is in fact proceeding independently of the state court action, then under the most elemental principles of res judicata, this action, absent circumstances neither alleged nor disclosed, is barred.

■ Assuming plaintiff's action here is independent, and not a review, of the state court proceedings, and assuming further that res judicata does not provide a bar, in so far as its federal jurisdictional basis is diversity of citizenship, it is barred by the doctrine of Dulien Steel Products v. Connell, 5 Cir., 252 F.2d 556. There applying the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the Fifth Circuit held that, since under Louisiana law the independent action was not available in courts of that state to nullify a judgment of the Louisiana Supreme Court, a federal court is without jurisdiction to entertain such action.[6]

■ In so far as plaintiff's action here is based on the presence of a federal question, it is barred by Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362. There the Supreme Court held that a federal district court had no jurisdiction of suits to nullify state court judgments, that only the Supreme Court can modify or reverse such judgments, and that to permit the bringing of a suit to nullify a state court judgment in the federal district court, after time for applying for relief from the Supreme Court has expired, would be to permit the unsuccessful litigant "to do indirectly what he no longer can do directly." Rooker v. Fidelity Trust Co., supra, 263 U.S. at page 416, 44 S.Ct. at page 150.

The ancient independent action in equity, which apparently is what plaintiff has sought to bring here, originated in England at a time when the courts of law were separate from courts of equity. The law courts, because of the rigors of the final judgment rule and the principle of res judicata, were unable to amend or reform their own judgments, however unjust they proved to be or however fraudulently obtained. In those circumstances, the litigants sought relief in a court of equity through the independent action.[7] Now, in this country, with the separation between equity and law courts abolished, with law courts exercising equity powers as well, there is little justification for one court relieving against judgments of another except through appeals provided by law. There is even less justification for the courts of one system nullifying final judgments obtained in the courts of another.[8] This principle of comity was early recognized by the Con-

---

6. In Dulien, supra, the federal court was asked to restrain the execution of the state court judgment "on the ground that the judgment was unconscionable and based upon mutual mistake of fact." Dulien Steel Products v. Connell, supra, 252 F.2d at page 557. Judge Borah, writing for the Court, stated that "it would contradict the presuppositions of diversity jurisdiction for a federal court in the state to grant such relief, for it is now settled law that diversity jurisdiction must follow state law and policy. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Company of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L. Ed. 2079."

7. See Moore, "Federal Relief from Civil Judgment," 55 Yale L.J. 623.

8. Review of federal questions arising in state court litigation is by appeal or writ

gress [9] and by the courts in the federal system.[10] Hence the present prohibition, 28 U.S.C. § 2283, against enjoining state court proceedings.

 This statutory prohibition against enjoining state court proceedings has been broadly interpreted by the Supreme Court. It prohibits restraining the execution of a state court judgment as well as the proceedings prior thereto. Hill v. Martin, 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293. Moreover, its purpose can not be frustrated by enjoining the litigants rather than the state court for restraint of the litigants is restraint of the courts. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 9, 60 S.Ct. 215, 84 L.Ed. 537.

Plaintiff cites several cases [11] as its authority for enjoining the execution of the state court judgment. These cases carved out a judicially created exception to the unqualified statutory prohibition [12] that a federal court shall not enjoin state court proceedings.[13] The continuing validity, however, of the doctrine of these cases is open to serious question. In Toucey v. New York Life Insurance Co., 314 U.S. 118, 136, 62 S.Ct. 139, 145, 86 L.Ed. 100, after reviewing, against the background of the statutory prohibition, the cases cited by plaintiff here as justifying the issuance of an injunction against the execution of a state court judgment, the Supreme Court observed, "The foundation of these cases is thus very doubtful." Moreover, in Amalgamated Clothing Workers of America v. Richman Brothers, 348 U.S. 511, 514, 75 S.Ct. 452, 454, 99 L.Ed. 600, in interpreting 28 U.S.C. § 2283, the Supreme Court, again referring to these same cases, stat-

of certiorari to the Supreme Court of the United States. 28 U.S.C. § 1257. No other federal court has jurisdiction to review such questions, by the independent action in equity or otherwise. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362.

9. Section 5 of the Judiciary Act of 1793 provided:
" * * * nor shall a writ of injunction be granted (by any court of the United States) to stay proceedings in any court of a state * * *." 1 Stat. 334.
This provision of the Judiciary Act of 1793 was first qualified by Section 21 of the Bankruptcy Act of 1867, 14 Stat. 517. Section 21 added the qualification " * * * except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." 36 Stat. 1162. From 1867 to 1948 the prohibition remained unchanged. In 1948 it was re-enacted in 28 U.S.C. § 2283.

10. See Diggs & Keith v. Wolcott, 4 Cranch 179, 8 U.S. 179, 2 L.Ed. 587. For the latest expression of the Supreme Court on the subject, see Amalgamated Clothing Workers of America v. Richman Brothers, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600.

11. Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205; Simon v. Southern Railway Co., 236 U.S. 115,

35 S.Ct. 255, 59 L.Ed. 492; Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870.

12. See Note 9 supra.

13. In attempting to justify federal court injunctions restraining state court proceedings in the face of the statutory prohibition, some of the cases cited by plaintiff say that restraining execution of a state court judgment is not a restraint of state court proceedings or that the federal court injunction restrains the parties not the state court. These equivocations have been uprooted from the jurisprudence. In Hill v. Martin, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293, in interpreting the statutory prohibition against restraining state court proceedings, the Court stated: "That term (proceedings) is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process. It applies * * * not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective." In Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537, again in interpreting the statutory prohibition, stated "That the injunction was a restraint of the parties and was not formally directed against the state court

ed "We need not re-examine the series of decisions, prior to the enactment of Title 28 of the United States Code in 1948, which appeared to recognize implied exceptions to the historic prohibition against federal interference with state judicial proceedings. * * * By that enactment, Congress made clear beyond cavil that the prohibition is not to be whittled away by judicial improvisation." In addition, the Courts of Appeal of the Second [14] and Third [15] Circuits, in referring to the same line of cases, have flatly held that, by reason of the enactment in 1948 of 28 U.S.C. § 2283, the exception to the prohibition recognized in those cases no longer exists.[16] The only holding to the contrary seems to be Greyhound Corp. v. Leadman, D.C., 112 F. Supp. 237. In behalf of that district judge, it should be stated that his opinion was rendered before the decision of the Supreme Court in Amalgamated Clothing Workers, supra, and before the cited cases from the Second and Third Circuits.

It is true, as plaintiff suggests, that the reference by the Supreme Court in the Amalgamated Clothing Workers case "that the prohibition (of 28 U.S.C. § 2283) is not to be whittled away by judicial improvisation" may be dicta since the Court was there considering, not an application to enjoin enforcement of a state court judgment, but injunction of state court proceedings then in progress. If it is, it is the kind of dicta that would give a responsible court pause because, in so declaring, the Supreme Court specifically referred to the cases relied on by plaintiff here by name. Moreover, as heretofore indicated,[17] the term "proceedings" as used in 28 U.S.C. § 2283 "is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process." Hill v. Martin, 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293.

Assuming that the cases cited by plaintiff have some continuing validity in spite of the Supreme Court's opinion in Amalgamated Clothing Workers, supra, and in spite of the re-enactment of the prohibition against enjoining state court proceedings in 28 U.S.C. § 2283, the

itself is immaterial." The decree of the district court was "thus within the plain interdiction of an Act of Congress, * * *." Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., supra, 309 U.S. at page 8, 60 S.Ct. at page 218.

14. International Union of Electrical Radio and Machine Workers C. I. O. v. Underwood Corporation, 2 Cir., 219 F.2d 100.

15. Nongard v. Burlington County Bridge Commission, 3 Cir., 229 F.2d 622. In Nongard, in interpreting 28 U.S.C. § 2283, the Court stated at page 625 of 229 F.2d:
"Thus, absent any special legislative authorization, a court of the United States must refrain from enjoining state judicial proceedings unless the situation comes within some defined concept of 'aid (to) its jurisdiction' or 'protect (ing) or effectuat(ing) its judgments.' In our view it is not even arguable that either of these concepts is involved here. The plaintiffs are merely complaining that a New Jersey equity court which had them before it adjudicated a con-

troversy controlled by state rather than federal law in a way that was arbitrary and grossly unfair to them. In no meaningful sense can it be said that a federal court acts 'in aid of its jurisdiction' if it undertakes to enjoin what the state court has thus ordered. We conclude, therefore, that Section 2283 prohibits federal injunctive intervention here. It is also clear that the addition of a prayer for a declaratory judgment does not help the plaintiffs in their effort to impose a federal restraint upon the state proceedings. H. J. Heinz Co. v. Owens, 9 Cir., 1951, 189 F.2d 505, certiorari denied 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677."

16. Professor Moore originally was not in accord. See Moore, Federal Practice 60.39(2) (2nd Ed.). Now he has apparently accepted the decision of the Supreme Court in Amalgamated Clothing Workers of America v. Richman Brothers, supra. See Moore, Federal Rules and Official Forms (1956) at p. 330.

17. See Note 13.

plaintiff's complaint still does not state a claim. In none of the cases relied on by plaintiff was relief sought on the ground that the state court was in error in interpreting its own jurisprudence, or because the state court acted arbitrarily and capriciously. The relief sought in all of these cases was predicated on fraud or lack of notice or hearing. Here there is no allegation of lack of notice or hearing.[18] As a matter of fact, the case was fully tried, between these same parties, at the trial level and twice heard by the Supreme Court of Louisiana. Nor is there any fraud alleged. As a matter of fact, it is expressly eschewed.[19] Nothing is alleged which would justify this court setting at naught the proceedings before the state courts.[20]

Irrespective of the present position of the Supreme Court of the United States, as expressed in the Amalgamated Clothing Workers case, against enjoining state court proceedings, perhaps a federal court should strain to interpose its equitable arm to prevent the perpetration of an unconscionable fraud. But no court can act on rumor and gossip, particularly when even these are neither alleged nor otherwise in the record. The temptation to sit in judgment of the work of another court can, under some circumstances, be an appealing one. But, absent a compelling jurisdictional basis, it is a temptation which should be resisted. If the Supreme Court of Louisiana can be reversed, directly or indirectly, in one case by a federal district court, there are other unsuccessful litigants, both past and future, who will doubtless seek similar satisfaction. Thus, since the independent action in equity is uninhibited by time, the finality of state court judgments would always remain open to question in the federal court.

Dismissed.

---

18. Compare O'Boyle, v. Bevil, supra.

19. In addition to failing to allege fraud, counsel for plaintiff in argument stated that he was not suggesting fraud, except in a technical legal sense, in connection with the state court proceeding.

---

20. See Moore, Federal Relief from Final Judgment, 55 Yale L.J. 623, for outline of areas in which the independent action in equity may operate.