**MANUFACTURERS RECORD PUBLISHING COMPANY, Appellant,**

v.

**Margaret E. LAUER, the duly qualified and authorized Testamentary Executrix of the Succession of Jacques E. Blevins, etc., et al., Appellees.**

No. 17735.

United States Court of Appeals
Fifth Circuit.

June 29, 1959.

Rehearing Denied July 28, 1959.

W. Scott Wilkinson, John M. Madison, John C. Christian, Shreveport, La., for appellant.

Kalford K. Miazza, Clem H. Sehrt, Edward J. Boyle, C. Ellis Henican, New Orleans, La., Henican, James & Cleveland, New Orleans, La., of counsel, for Margaret E. Lauer, the duly qualified and authorized testamentary executrix of the Succession of Jacques E. Blevins.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a judgment dismissing, for the reasons stated in the opinion of the district judge,[1] plaintiff's suit to enjoin as a nullity the execution and enforcement of the judgment of the Supreme Court of Louisiana in the case of Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392, and, in the alternative, for a declaratory judgment.

While the nature of the litigation and the questions it posed below and poses here are fully disclosed in the thorough and careful opinion of the district judge, we think it desirable, in order to more precisely point up plaintiff-appellant's position on this appeal, to reproduce in substance in the margin the "Statement of the Case" as appellant's brief sets it out.[2]

1. Manufacturers Record Publishing Co. v. Lauer, D.C., 169 F.Supp. 234.

2. Appellant, Manufacturers Record Publishing Company, filed this complaint seeking to have the judgment of a state court of Louisiana, in the case of Jacques E. Blevins v. Manufacturers Record Publishing Company et al. adjudged null and void and that the defendant-appellees in this action, Margaret E. Lauer, Testamentary Executrix of the Succession of Jacques E. Belvins, Louis J. Roussel and Republic Petroleum Corporation (herein designated as "Blevins") be enjoined from executing said judgment on the ground that said judgment is a nullity; and in the alternative, for a Declaratory Judgment.

In April of 1953, Blevins instituted an action, to try title to real estate, against Manufacturers in the District Court of St. Charles Parish, Louisiana. This form of action is known in Louisiana as a Petitory Action or an action of Revendication, as provided by Articles 43 and 44 of the Louisiana Code of Practice.

In this action, Blevins claimed ownership of 408.91 acres of oil producing property acquired by Manufacturers under a deed dated July 23, 1915, which deed included a total of 442 acres in Sections 39 and 40, Township 14 South, Range 20 East, originally purchased by one Albert Phenis from Allen T. Dusenbury on March 9, 1910. Blevins, in his petition, divided said 408.91 acre tract into three tracts, labeled Tracts 1, 2 and 3. Manufacturers had been in undisturbed possession of the 408.91 acres (or Tracts 1, 2 and 3) since the year 1916.

Upon the basis of this statement appellant, declaring:

"In this proceeding, Manufacturers is not attacking the judgment of the Louisiana Supreme Court on the ground that the court erroneously interpreted or misapplied the Louisiana law, as mis-stated by the United States District Court below, but appellant, Manufacturers, attacks the judgment of the Louisiana Supreme Court on the ground that said judgment was and is an Absolute Nullity, in that the court totally failed to apply fundamental and mandatory requirements of the Louisiana law, that it recognized as controlling, in the following respects:

"(1) The Louisiana Supreme Court's action in examining Manufacturers' (defendant possessor in the petitory action) title, without first requiring Blevins to prove a valid title, as the court was compelled to do under the mandatory provisions of Articles 43 and 44 of the Louisiana Code of Practice;

"(2) The Louisiana Supreme Court's failure to follow the mandatory provisions of Articles 43 and 44 and compel Blevins to prove a chain of title between the years 1923 and 1940–45 from Wisner Estates, Inc. to himself.

"(3) The complete failure of the Louisiana Supreme Court to adhere to the mandatory provision of Art. 7, Sec. 1 of the Louisiana Constitution of 1921 and adduce reasons for:

"(a) Its arbitrary denial to Manufacturers of its procedural and substantive rights under the provisions of Articles 43 and 44 of the Louisiana Code of Practice;

"(b) Adjudicating Manufacturers' property to Blevins on the strength of the 1940 and 1945 contracts with Wisner Estates, Inc., whose title had

On March 6, 1957, the District Court of St. Charles Parish, Louisiana rendered judgment holding that Blevins had no title to the disputed 408.91 acres, and decreed that Manufacturers did have title by deed, as well as by long continued and uninterrupted possession.

Thereafter, Blevins appealed to the Louisiana Supreme Court, which on Nov. 12, 1957, reversed the judgment of the District Court. A rehearing was granted and on May 26, 1958, the court affirmed its original decision with respect to Tracts 1 and 3, but recognized Manufacturers as the owner of Tract 2. From both decisions three of the justices of the Louisiana Supreme Court dissented.

In reversing the judgment of the trial court, the Louisiana Supreme Court did not follow the mandatory law of Article 44 of the Louisiana Code of Practice which required Blevins to first prove a title, but commenced immediately to examine the title of the defendant-possessor-Manufacturers' title, and decided the case wholly thereon. This action of the Louisiana Supreme Court is apparent on the face of the opinion.

After first examining the possessor's Manufacturers' title, the Louisiana Supreme Court held that the Louisiana Farm Lands Company acquired title to the 408 acres by a deed dated Dec. 15, 1910, in which the tract held to have been acquired was specifically excepted therefrom.

The court then held that Wisner Estates, Inc. acquired title to the 408 acres by deed dated April 21, 1917, also in which the tract was specifically excepted.

The Louisiana Supreme Court, without then requiring Blevins to prove a title from Wisner Estates, Inc., to himself, held that Blevins had acquired title from Wisner Estates, Inc., termed his "immediate predecessor in title", by contracts dated May 22, 1940 and Dec. 12, 1945.

The court held that Wisner Estates, Inc. acquired title to the 408 acres by deed dated April 21, 1917, and based on that acquisition alone, decreed Blevins the owner of said property. The Court did not require Blevins to prove a title from Wisner Estates, Inc. to himself, or even to prove that Wisner Estates, Inc. was the owner of said 408 acre tract in 1940 or 1945. No reasons were assigned by the Court as to how title passed from Wisner Estates, Inc. to Blevins. Wisner Estates, Inc. had been judicially divested of said 408 acre tract in 1923.

been completely lost at sheriff's sale in 1923."

concludes:

"The Louisiana Supreme Court completely failed to follow the mandatory law and require Blevins to prove *his* title before examining Manufacturers' title, and completely failed to require Blevins to prove a title from Wisner Estates, Inc. *to himself*, or to prove a title in Wisner Estates, Inc. subsequent to its divestiture in 1923, as required in Article 44 of the Louisiana Code of Practice, which the court on rehearing recognized for the first time as controlling. The court failed to adduce any reasons for its failure to follow the mandatory law of this state as required by the mandatory provisions of Art. 7, Sec. 1 of the Louisiana Constitution of 1921. The Louisiana Supreme Court denied to appellant, a non-resident defendant, the equal protection of the Louisiana law and violated procedural due process in not according appellant its rights under the mandatory Louisiana law."

Appellees, in their turn, insisting that the district judge was right throughout, point out that in and by its very discussion appellant demonstrates that what and all it is seeking is to have relitigated and redecided in the District Court of the United States the matter finally adjudged in and by the Louisiana Supreme Court, that, in short, the suit is an effort to appeal to, and have reviewed for error in, the district court a final decision and judgment of the Louisiana Supreme Court, a procedure not provided for in, or known to, federal jurisprudence.

Arguing that the opinion and judgment under attack here, dealing as they do with and only with the State Law of Louisiana, constitute the law of Louisiana and are binding upon, and not reviewable in, any of the federal courts, particularly the district court, appellees insist that there is nothing in the State Court opinion and decree which presents, or could conceivably present, a denial of due process of law or raise any question reviewable in and by the federal district court, and that any other conclusion would not only run counter to the settled law of the cases but would be contrary to right reason.

They argue that this is so because, in the first place, the complaint does not present a claim for which relief can be granted in the federal courts because a suit for such relief could not be brought in the state courts under the law of Louisiana;[3] in the second place, if a federal court could otherwise grant the relief by injunction sought by plaintiff, it is by Section 2283, Title 28 U.S.C. forbidden to do so; and, in the third place, if the prohibitions of Section 2283 do not prevent the relief sought here, it is settled under the general principles established in the cases that the complaint does not present a claim for relief cognizable in a federal district court.

Finally, they argue that if we accept appellant's claim that it is seeking federal question relief, the district judge correctly dismissed the suit because the complaint on that score presents nothing more than a claim that the decision of the Supreme Court violates federal due process because it is contrary to the recognized jurisprudence of Louisiana, and, as shown in the multitude of cases they cite[4] where, as here, the state courts had

3. Dulien Steel Products, Inc. v. Connell, 5 Cir., 252 F.2d 556.

4. Some of these are: Annotation 13 A.L.R.2d Sec. 23, "Effect of allegations attacking state court judgments for procedural or substantive error." p. 467, et seq.; Williams v. Tooke, 5 Cir., 108 F.2d 758; Hendron v. Yount-Lee Oil Co., 5 Cir., 108 F.2d 759; Givens v. Moll, 5 Cir., 177 F.2d 765; Hudson v. Lewis, 5 Cir., 188 F.2d 679; Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149,

68 L.Ed. 362; Wagner Electric Co. v. Lyndon, 262 U.S. 226, 43 S.Ct. 589, 67 L.Ed. 961; Sexton v. Barry, 6 Cir., 233 F.2d 220; Norwood v. Parenteau, 8 Cir., 228 F.2d 148; 12 Am.Jur., "Constitutional Law", Sec. 577, "Effect of party being unsuccessful before tribunal; errors of tribunal", p. 273 Amalgamated Clothing Workers of America v. Richmond Bros. Co., 6 Cir., 211 F.2d 449, 450, affirmed 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600.

jurisdiction of the parties and the subject matter, such a claim does not present a violation of due process which a federal district court is competent to relieve against.

So arguing, they insist that this is so because the Federal Constitution and statutes do not attempt to, they do not confer upon federal district courts, and Sec. 2283, supra, forbids, supervisory jurisdiction by injunction or otherwise over state supreme courts in respect to a claim such as that asserted here, that its decision and judgment is contrary to state statutes or earlier decisions or practices of the court. Cf. Horton v. Stegmyer, 8 Cir., 175 F. 756, at page 758, where it is said:

"A federal court sitting in equity has jurisdiction to disregard or to enjoin the enforcement of an unconscionable judgment of a state or of a national court for new causes, such as fraud, accident, or mistake, which deceive the court into a wrong decree, or which prevent the judgment defendant from availing himself of a meritorious defense that was not fairly presented to the court which rendered the judgment. But it has no power *to take such action on account of errors or irregularities in the proceedings on which the judgment or decree is founded, or on account of erroneous or illegal decisions by the court which rendered the judgment or decree.* The reason of this rule is that cases of the former class present new controversies, which have never been raised in other courts, while *cases of the latter class invoke a jurisdiction which does not exist, a jurisdiction in a federal court to review and revise the acts and decisions of courts of co-ordinate jurisdiction upon questions which they have lawfully considered and adjudged.* National Surety Co. v. State Bank of Humboldt, 8 Cir., 120 F. 593, 598, 600, 56 C.C.A. 657, 662, 664, 61 L.R.A. 394, and cases there cited. *The decree of the state court is therefore valid, and it must be enforced and respect-*

*ed, unless the complainant has pleaded facts evidencing such a fraud as will warrant a disregard of it."* (Emphasis supplied.)

We find ourselves in complete agreement with these views. Indeed, as shown in 12 A.J., page 273, note 4 supra, and cases cited above, they merely state hornbook law. The trouble with appellant's argument is that, without attacking the judgment for fraud or want of jurisdiction or alleging what the decision and judgment show to be the contrary, it assumes that it is not a judicial decision by the highest court of the state but a mere illegal fiating of persons having no jurisdiction or authority to act by which property, conceded to belong to one, is awarded to another. The fact, of which appellant seeks to make so much, that the three dissenters attack the decision and judgment as erroneous, is proof positive that the decision was a deliberate judicial act of the highest court of the state, in which, as it had a right to do, the court divided on the appropriate judgment to be entered. As the judgment of that court, whatever force it might have as stare decisis or a guide to future decision, it cannot be attacked in either a state or a federal trial court as without binding force and effect.

In Hudson v. Lewis, 5 Cir., 188 F.2d 679, at page 684, this court said of a similar attack upon a judgment of a supreme court, there of Mississippi:

"Quite to the contrary of the pitifully subservient place in our judicial system accorded by appellants to state courts by their claims under the facts, federal and state courts alike have spoken, they will continue to speak, without a dissentient note in one clear strain. This is to the effect that where a court, whether state or federal, acts within the competence of its jurisdiction, no other court may collaterally attack its judgment.

"In the case particularly relied on by appellants and cases similar to those, where collateral attacks succeeded, the precise, the definite, basis of their success was that the court

whose judgment was under collateral attack had not proceeded with jurisdiction. In some of them it had not acquired jurisdiction of the person or subject matter affected by the decree. In others, though it had acquired jurisdiction, it had, thereafter, and without the actual knowledge of the complaining person, proceeded in such manner as to deny him due process, that is, a fair and reasonable opportunity to be heard.

"In short, in some of these situations, the court had not, in respect of the matter complained of, acquired jurisdiction. In others, it had proceeded beyond the jurisdiction theretofore acquired."

Cf. Ballard v. First National Bank, 5 Cir., 259 F.2d 681, and Drawdy Inv. Co. v. Leonard, 5 Cir., 261 F.2d 226.

What and all that appellant could have hoped to do below or could hope here was to convince the court that the decision of the Supreme Court of Louisiana was clearly contrary to the established jurisprudence of that state, and, because it was, it was a nullity and therefore subject to collateral attack in a federal court. The law is otherwise written in all the books.

The judgment of the district court dismissing the suit was right. It is affirmed.