**X** No

HAITIAN REFUGEE CENTER, INC.,
et al., Plaintiffs–Appellees,

v.

James BAKER, III, Secretary of State,
Robert Kramek, Rear Admiral, Kime,
Admiral, Commandant, United States
Coast Guard, Gene McNary, Commis-
sioner, Immigration and Naturalization
Service, United States Department of
Justice, Immigration and Naturaliza-
tion Service, United States of America,
Defendants–Appellants.

No. 91–6099.

United States Court of Appeals,
Eleventh Circuit.

Dec. 19, 1991.

John F. Daly, Michael Jay Singer, Wash-
ington, D.C., for defendants-appellants.

Ira Kurzban, Kurzban, Kurzban &
Weinger, Miami, Fla., Robert E. Juceam,
Fried, Frank, Harris, Shriver & Jacobson,
New York City, for plaintiffs-appellees.

Before TJOFLAT, Chief Judge,
HATCHETT and COX, Circuit Judges.

BY THE COURT:

This matter is before the court on the Appellants' emergency motion seeking a stay of the district court's injunction order pending appeal.

On November 19, 1991, the district court issued a temporary restraining order preventing the defendants from repatriating interdicted Haitians. Following a hearing and briefing on December 3, 1991, the district court issued a preliminary injunction enjoining such repatriation. The court found that the plaintiffs had a substantial likelihood of success on the merits of their claims under the First Amendment and Article 33 of the Convention Relating to the Status of Refugees. Following an expedited appeal, this court dissolved the injunction, holding that the plaintiffs had no enforceable claims under Article 33 and that the First Amendment claim did not support the injunctive relief granted.

This court's mandate issued December 17, 1991, and later that night the district court issued what purports to be another temporary restraining order to enable it to reconsider the plaintiffs' APA claim. In its order dated December 3, 1991, the court had rejected the plaintiffs' APA claim. The present "temporary restraining order," like the previous orders, prevents the defendants from repatriating Haitian interdictees located at Guantanamo Bay Naval Base and on Coast Guard vessels in the Caribbean. The district court denied Appellants' request to stay this order pending appeal.

■ We must initially decide whether we have jurisdiction. Although a temporary restraining order is not ordinarily appealable, where the order has the effect of a preliminary injunction this court has jurisdiction to review the order and is not bound by the district court's designation of the order. *See Sampson v. Murray*, 415 U.S. 61, 86–87 n. 58, 94 S.Ct. 937, 951 n. 58, 39 L.Ed.2d 166 (1974); *McDougald v. Jenson*, 786 F.2d 1465, 1472 (11th Cir.), *cert. de-*

*nied,* 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986).

In *Connell v. Dulien Steel Products, Inc.*, 240 F.2d 414 (5th Cir.1957), *cert. denied,* 356 U.S. 968, 78 S.Ct. 1008, 2 L.Ed.2d 1074 (1958),[1] the court cited the practical reasons for not ordinarily allowing an appeal from a temporary restraining order. Temporary restraining orders are usually effective for short periods of time that are too brief to allow appeal; they are usually issued without notice to the nonmoving party, thus allowing the trial judge to hear only one side of the case; and the trial court should have an opportunity to have a full presentation of the facts and law before an order is appealable. *Id.* at 418.

■ In this case, these practical constraints are not present. The "temporary restraining order" issued on December 17, 1991, was issued after the district court had heard from all parties. The plaintiffs' APA claim was included in the complaint before the district court on December 3. The court issued a temporary restraining order on November 19, 1991, in order to consider the plaintiffs' claims for injunctive relief, including the APA claim. Following a full hearing and briefing on the merits, the district court rejected the plaintiffs' APA claim and refused to grant injunctive relief on that claim because it concluded that there was no substantial likelihood that the plaintiffs would succeed on the merits of the claim. *Haitian Refugee Center, Inc. v. Baker,* No. 91–2653–CIV–Atkins (S.D.Fla., filed Dec. 3, 1991) (order granting preliminary injunctive relief). The district court has had an opportunity to have full presentation of the merits of this claim. For the foregoing reasons, we conclude that the "temporary restraining order" issued by the district court on December 17, 1991, is in effect a preliminary injunction. We therefore have jurisdiction of the defendants' appeal from the order issuing that injunction.

■ The parties briefed the merits of the APA claim in the previous appeal to this

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

court, so the court already has the benefit of full briefing on the claim. Having considered the matter, we conclude that there is a strong likelihood that the defendants will prevail on that claim for the reasons stated by the district court in its original Order Granting Preliminary Injunctive Relief dated December 3, 1991. We conclude that the appellants' motion seeking a stay of that order pending appeal is due to be granted. *See* Fed.R.App.P. 8.

The temporary restraining order issued by the district court on December 17, 1991, is STAYED and SUSPENDED pending appeal.

HATCHETT, Circuit Judge, dissenting:

I respectfully dissent. In case number 91–6060, the case in which we issued an opinion two days ago, and in which this court dissolved the December 3, 1991, preliminary injunction, the majority held that it did not reach the Administrative Procedures Act (APA) issue because the appellees (Haitians) had not cross-appealed the district court's denial of that claim. The majority stated:

> Judge Hatchett, in dissent, would uphold the issuance of the preliminary injunction on the basis of the APA claim. The district court refused to grant relief on this claim. The plaintiffs did not cross-appeal. We cannot properly uphold the injunction based on the APA claim under these circumstances. Furthermore, to do so would constitute a holding by this court, on appeal, that the plaintiffs are entitled to injunctive relief on the APA claim as a matter of law.

This language in the majority's opinion states that if the APA issue had been cross-appealed, and if sufficient facts had been developed for the record, at least one of the judges of the panel would have granted relief on the APA claim.

Further, the language quoted above indicates (1) that the court did not reach the APA issue, (2) that no determination was made on the APA claim, and (3) that the APA claim would need further factual development in the district court. No reasonable person could read the above quoted language in any other way. Reading that language, on remand, the district court properly found that the APA issue remained alive for determination. From briefs filed today, it is apparent that the parties to this action also read the above quoted language as leaving the APA issue open. Surprisingly, the majority now holds that the district court adequately considered the APA claim the first time and that the claim is ripe for review. The majority's actions, rulings, and holdings in this case are inconsistent with its actions, holdings, and rulings of two days ago in case number 91–6060.

Contrary to the majority's holding, the district court is not considering the same APA claim as that previously presented in 91–6060. In its latest order, the district court states:

> The court recognizes its previous determination that plaintiffs had not shown a likelihood of prevailing under the APA. That determination was based on Congress' broad grant of discretion to the President in establishing the interdiction program. However, the court now has the benefit of the thorough briefing of the APA issue before the Eleventh Circuit Court of Appeals, as well as the Court of Appeals' December 17, 1991 per curiam opinion. In this new light, the court now finds a substantial likelihood of success, based in part on the distinction between the President's discretion in establishing the program and subordinates' discretion or lack thereof in following program procedures and guidelines.

The district court makes clear that its previous ruling on the APA claim, which this court earlier refused to review, was based upon the discretion which Congress had delegated to the President; whereas, the district court is now considering the APA claim based on "subordinates' discretion or lack thereof in following program procedures and guidelines." In 91–6060, this court refused to reach the APA claim under any theory; now, through some procedure here before unknown to the law, the majority is able not only to reach the APA

claim, but to decide that the claim is without merit even though no hearing has been held and the district court has made no factual findings or legal conclusions.

The district court has scheduled a hearing on the APA claim for 10 a.m. on December 20, 1991, less than fourteen hours from the time the orders in this case will be filed (91–6099). This court should not take the highly unusual and extraordinary step of preventing the district court from hearing the APA claim that the coast guardsmen and immigration officials at Guantanamo Bay, Cuba and on the Coast Guard cutters are not properly interviewing these refugees.[1]

I would deny the Petition for Writ of Mandamus because mandamus may not serve as a substitute for an appeal. *Fernandez–Rogue v. Smith,* 671 F.2d 426 (11th Cir.1982). Likewise, I would deny the Motion for Stay for the reasons stated above and for the additional reason that nothing in this record indicates that the district court has not speedily resolved the issues presented to it.

I would dismiss this case because temporary restraining orders are not appealable under the law of this circuit, and the district court has not even made factual findings. Surely, nothing in this record allows this court to hold, as a matter of law, that the low ranking government officials charged with the duty of properly interviewing the refugees are proceeding in accordance with established law.

---

1. The district court has invited on some occasions and ordered on others the government to present a plan outlining the procedures that it is following in interviewing the refugees. The government has steadfastly refused to comply.