82 F.3d 432
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George Y.L. HUANG and Total Technologies, Ltd., Plaintiffs-Appellants,
v.
CHARTER TECHNOLOGIES, INC. (a California Corp.), Charter
Technologies, Inc. (a Taiwan Corp.), Multimedia Accessories,
Ltd., Sharon M.F. Huang, Jack M. Liao, James Yang, Sindy
Mei-Li Wang, Lin Tsai, Hseu-Hui, Ya-Li Lin, Compucable
Corporation, Inc., and John Does 1-10, Defendants-Appellees.
 No. 96-1197.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1996.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 George Y.L. Huang et al. move for an injunction pending appeal. Charter Technologies, Inc. et al. oppose. We sua sponte consider whether the appeal should be dismissed for lack of jurisdiction.
 
 
 2
 It appears that George Huang and his wife, Sharon Huang, are involved in divorce proceedings which may involve issues of ownership and rights to various patents. Meanwhile, George Huang sued his wife and several companies that Sharon Huang is allegedly associated with in the United States District Court for the Central District of California alleging, inter alia, patent infringement. George Huang moved for a temporary restraining order in the district court seeking to restrain Sharon Huang and the other defendants from alleged acts of infringement. The district court denied the motion stating:
 
 
 3
 Plaintiffs did not carry their burden of proof to show likelihood of success on the merits or irreparable injury. The parties are engaged in litigation involving many of the same issues and property in their pending dissolution case in Orange County Superior Court. Accordingly, Plaintiffs' application for temporary restraining order is DENIED.
 
 
 4
 The district court also directed the parties to show cause why the federal action should not be stayed pending a final decision in the divorce action. The parties have not notified this court that the district court has decided the stay issue.
 
 
 5
 George Huang appeals the district court's order, arguing that the denial of the TRO was in effect a denial of a motion for a preliminary injunction. Charter Technologies argues that the district court's order merely denies a TRO and is not appealable.
 
 
 6
 Generally, the grant or denial of a TRO is not appealable. See 7 Moore's Federal Practice p 65.07 (1995); Office of Personnel Management v. American Fed'n of Gov't Employees, AFL-CIO, 473 U.S. 1301, 1303-05 (1985) (per Chief Justice Burger as Circuit Justice) ("the established rule is that denials of temporary restraining orders are ordinarily not appealable"); Haitian Refugee Center, Inc. v. Baker, 950 F.2d 685, 686 (11th Cir.1991). Although a denial of a TRO might be appealable if the order amounted to a denial of a preliminary injunction, see Haitian Refugee Center, 950 F.2d at 686, George Huang has not shown that the district court's order in this case essentially denied a preliminary injunction. The district court merely denied, without a hearing, George Huang's motion for a TRO. Compare Haitian Refugee Center, 950 F.2d at 686 (the trial court should have an opportunity to have a full presentation of the facts and law before an order is appealable). Accordingly, the district court's denial of a TRO is not appealable.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Appeal no. 96-1197 is dismissed.
 
 
 9
 (2) George Huang's motion for an injunction, pending appeal, is moot.
 
 
 10
 (3) Each side shall bear its own costs.