# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2019

Lyle W. Cayce
Clerk

No. 19-20224
Summary Calendar

CAROLYN R. DAWSON,

      Plaintiff–Appellant,

v.

THE BANK OF NEW YORK MELLON, formerly known as The Bank of New York, as Trustee for the Benefit of the Certificate Holders of the CWABS, Incorporated, Asset Backed Certificates, Series 2006-SD1; SHELLPOINT MORTGAGE, L.L.C.,

      Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2846

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:*

Carolyn Dawson filed suit challenging Defendants' foreclosure of a lien on her property. Her suit violated a March 5, 2014 district court dismissal and preclusion order prohibiting her from filing any further actions concerning the

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20224

property. The district court dismissed her case with prejudice in an amended final judgment dated April 30, 2019. Dawson now appeals, raising numerous issues. We dismiss Dawson's appeal, in part, for lack of jurisdiction; we affirm the district court's judgment in all other respects.

## I

On March 5, 2014, the district court entered a dismissal and preclusion order prohibiting Dawson from filing any further actions against anyone connected with her Missouri City, Texas property without the court's permission. Since then, Dawson has filed four suits in violation of the order. None of the suits has been meritorious.

Dawson filed this fourth suit against The Bank of New York Mellon (BoNYM) and Shellpoint Mortgage, LLC (BoNYM's mortgage servicer) on July 31, 2018, seeking to enjoin an August 7, 2018 foreclosure sale. On August 6, 2018, the state district court issued a temporary restraining order prohibiting the foreclosure sale. The foreclosure sale nonetheless took place on August 7; it is unclear whether Dawson paid the bond before the sale took place. Following the foreclosure sale, Dawson filed a motion for contempt in state court, alleging the defendants had violated the temporary restraining order. The defendants removed the case based on diversity jurisdiction shortly thereafter.

On September 4, BoNYM filed a motion to dismiss. Dawson sought leave to amend; however, on September 12, the district court issued a management order denying her request. On September 21, the court issued a partial judgment ordering Dawson to vacate the property. Dawson refused to vacate. Instead, she filed an application for interlocutory appeal with this court challenging the management order. We dismissed the appeal for lack of jurisdiction on April 5, 2019.

No. 19-20224

That same day, the district court issued a final judgment. Dawson filed her notice of appeal on April 8, 2019. On April 29, after selling the foreclosed property to a third-party buyer, BoNYM filed a motion for an amended final judgment. On April 30, the court granted the motion and entered an amended final judgment.

Dawson raises more than 18 different issues in her brief on appeal. We limit our review to those issues that Dawson raised in the trial court and adequately briefed on appeal.[1] Accordingly, our review will be confined to the following: (1) the March 5, 2014 dismissal and preclusion order; (2) the August 6, 2018 temporary restraining order; (3) the August 17, 2018 removal; (4) the September 12, 2018 management order denying Dawson leave to amend; (5) the August 16, 2018 motion for contempt; (6) the September 21, 2018 partial judgment; and (7) the district court's final judgment dismissing Dawson's case with prejudice.

## II

As an initial matter, BoNYM argues that this court does not have jurisdiction to review the district court's final judgment dismissing this case with prejudice because Dawson did not file a new notice of appeal or an amended notice of appeal following BoNYM's motion for reconsideration.

At one point in time, under Rule 4(a)(4) of the federal rules of appellate procedure, a motion to reconsider a final judgment would have nullified a previously filed timely notice of appeal.[2] However this rule was amended, with the express purpose of eliminating this "trap for [] litigant[s] who file[] a notice

---

[1] *See Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994); *Wiley v. Offshore Painting Contractors, Inc.*, 711 F.2d 602, 605 (5th Cir. 1983).

[2] *See Griggs v Provident Consumer Discount Co.*, 459 U.S. 56, 60-61 (1982).

of appeal before a posttrial motion."[3]  Under the amended version of the rule, the notice of appeal is "merely dormant until the post-judgment motion is decided."[4]

Insofar as BoNYM contends that Dawson had to amend her notice of appeal because there was a new amended final judgment, BoNYM is mistaken. Since the disposition did not change and there were no additional adverse rulings against Dawson as a result of the new amended judgment, Dawson did not need to amend her notice of appeal.[5]

## III

We conclude that we do not have jurisdiction to review the March 5, 2014 preclusion order, the August 6, 2018 temporary restraining order, the August 16, 2018 motion for contempt, or the September 21, 2018 opinion and partial judgment.

## A

Dawson's appeal from the March 5, 2014 dismissal and preclusion order is an impermissible collateral attack on a final judgment, barred by res judicata.  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[6]  Res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from

---

[3] *Burt v. Ware*, 14 F.3d 256, 259 (5th Cir. 1994) (quoting Report of the Advisory Committee on the Federal Rules of Appellate Procedure (April 22, 1993), *reprinted in* 147 F.R.D. 287, 324).

[4] *Id.* at 258.

[5] *See Sorenson v. City of New York*, 413 F.3d 292, 295-96 (2d Cir. 2005); *see also Hollywood Blvd. Cinema, LLC v. FPC Funding II, LLC*, 23 N.E. 3d 381, 388 (Ill. App. Ct. 2014).

[6] *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

multiple lawsuits."[7]  "Res judicata prevents a later suit . . . from collaterally attacking a prior judgment by a court of competent jurisdiction."[8]

In her fourth lawsuit in violation of the preclusion order, Dawson contends that the preclusion order is "clearly unwarranted" and should be overturned because she "has a right to ask the court to set aside a wrongful foreclosure" and "to sue for damages."  Dawson's appeal of the preclusion order is dismissed for lack of jurisdiction.

**B**

Dawson also appeals the August 6, 2018 temporary restraining order, alleging that the BoNYM violated the order by proceeding with the foreclosure sale and then selling the property to a third party in January 2019.  This is not a reviewable issue.  Under 28 U.S.C. § 1292(a)(1), this court has jurisdiction to review appeals from "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."  "A temporary restraining order, however, does not qualify as an 'injunction' under this section."[9]  Indeed, temporary restraining orders are generally not appealable because they are "usually effective for only very brief periods of time . . . and are then generally supplanted by appealable temporary or permanent injunctions."[10]  Here, the record indicates that the temporary restraining order was not supplanted by either a temporary or permanent injunction.  Accordingly, we cannot review the temporary restraining order.

---

[7] *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

[8] *Oreck*, 560 F.3d at 401.

[9] *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990).

[10] *Bd. of Governors of Fed. Reserve Sys. v. DLG Fin. Corp.*, 29 F.3d 993, 1000 (5th Cir. 1994) (quoting *Connell v. Dulien Steel Prods., Inc.*, 240 F.2d 414, 418 (5th Cir. 1957)).

No. 19-20224

## C

Dawson appeals the August 16, 2018 motion for contempt, contending that BoNYM is in "contempt in state court" because of alleged violations of the state court's temporary restraining order. Because this court does not have jurisdiction to review the alleged violations of the state court's temporary restraining order, we cannot review the motion for contempt arising from such allegations. Further, nothing in the record indicates the state court held BoNYM in contempt for violating its temporary restraining order.

## D

Dawson argues that the district court abused its authority in issuing the September 21, 2018 partial judgment. Specifically, Dawson argues that the district court improperly ordered her to vacate the property. We lack jurisdiction to review this complaint. Dawson's challenge to the September 21, 2018 opinion and partial judgment concerns the order requiring her to vacate the property. The September 21, 2018 opinion and partial judgment was superseded by the April 30, 2019 amended final judgment. The April 30, 2019 amended final judgment does not contain such language; it merely dismisses Dawson's case with prejudice. Because the April 30, 2019 amended final judgment superseded the September 21, 2018 opinion and partial judgment, a successful challenge to the September 21, 2018 opinion and partial judgment would give no relief to Dawson. Therefore, Dawson's issues with the September 21, 2018 opinion and partial judgment are moot.

## IV

Dawson complains that the district court erred in its September 12, 2018 management order, denying her leave to amend. "We review the district

No. 19-20224

court's denial of leave to amend the complaint for abuse of discretion."[11]   In determining whether to grant a motion to amend, a district court should examine the following five factors: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment.[12]

Here, the district court denied Dawson leave to amend, noting "[d]efying this court's preclusion order, Carolyn Dawson seeks to congest this court with another frivolous lawsuit."   According to the record, Dawson has filed four lawsuits in violation of the district court's 2014 preclusion order.  Considering these repeated violations, the district court was well within its discretion in denying Dawson leave to amend.

## V

Dawson also alleges that BoNYM improperly removed the case to federal court because her claims do not arise under federal law and because the parties are not completely diverse.  The case meets both requirements for diversity jurisdiction under 28 U.S.C. § 1332.  First, Dawson and the defendants are citizens of different states.  Dawson is a Texas citizen, BoNYM is a New York citizen, and Shellpoint is a citizen of New York and Delaware.  Second, the amount in controversy exceeds $75,000.  BoNYM properly removed the case to federal court.

## VI

Dawson challenges the district court's final judgment dismissing her case with prejudice.  Her specific challenge to the final judgment is difficult to discern.  She argues that the judgment should be voided "since [BoNYM] sold the property to a third[-]party purchaser."   She also appears to argue that

---

[11] *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

[12] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

No. 19-20224

BoNYM wrongfully foreclosed, alleging BoNYM did not provide proper notice of default or have standing to foreclose.  None of these arguments has merit.

The record shows that Dawson not only received proper notice of default, but also that she directly responded to it.  She also argues that BoNYM did not have standing to foreclose because it did not have title to her deed of trust.  According to Dawson, BoNYM quitclaimed any interest in her property in 2013.  However, the quitclaim deed upon which she relies predates the relevant assignment; BoNYM was not assigned the interest in the property until 2014.  Indeed, the record indicates that BoNYM was entitled to foreclose as the last assignee of record.[13]  Dawson's arguments are entirely without merit.

*     *     *

We DISMISS for lack of jurisdiction Dawson's appeal from the March 5, 2014 dismissal and preclusion order, the August 6, 2018 temporary restraining order, the August 16, 2018 motion for contempt, and the September 21, 2018 opinion and partial judgment.  We AFFIRM the district court's judgment in all other respects.  All pending motions are DENIED as moot.

---

[13] *See* TEX. PROP. CODE ANN., Ch. 51 (West 2014).